FORTUNE J. ODEND'HAL, JR. IV AND CAROLYN L. ODEND'HAL, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

FORTUNE J. ODEND'HAL, JR. IV, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket Nos. 6724-89, 6725-89.     Filed December 10, 1990.

*D. Alden Newland,* for the petitioners.
*Dianne I. Crosby,* for the respondent.

OPINION

NIMS, *Chief Judge:* This case is before the Court on respondent's motions to dismiss for lack of jurisdiction as to section 6621(c). (Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue. Section 7721(b) of the Omnibus Budget Reconciliation Act of 1989, Pub. L. 101-239, 103 Stat. 2106, 2399, repealed section 6621(c) effective for returns the due date of which (determined without regard to extensions) is after December 31, 1989.)

Petitioner Fortune Odend'hal, Jr. IV (petitioner) invested in the so-called Kroger-Cincinnati Joint Venture during the years 1973-82. The proper treatment of losses from the investment for the years 1973-76 was resolved in *Odend'hal v. Commissioner,* 80 T.C. 588 (1983), affd. and remanded 748 F.2d 908 (4th Cir. 1984), cert. denied 471 U.S. 1143 (1985).

The current docketed cases involve the tax years 1977 through 1982. Docket No. 6724-89 involves petitioner and his spouse, Carolyn Odend'hal, for the years 1978, 1979, 1980, 1981, and 1982. Docket No. 6725-89 involves only petitioner for the year 1977.

Prior to the expiration of the time prescribed by section 6501(a) for assessment of income tax for the years at issue, petitioners, or their authorized representative, and respondent timely executed written agreements to extend the statute of limitations on assessment.

Petitioners received 30-day letters with proposed deficiencies and also the addition to tax and increased interest at issue herein: the late filing addition to tax under section 6651(a)(1) for the years 1977, 1978, and 1979, and the increased rate of interest under section 6621(c) for the years 1977, 1978, 1979, 1980, 1981, and 1982. On August 26,

1987, petitioners agreed to the underlying deficiencies, but disagreed with the addition to tax and the increased interest. Forms 870, Waiver of Restrictions on Assessment and Collection of Deficiencies, for all 6 years were signed by petitioners' representative for the amounts of the underlying deficiencies only. Pursuant to these agreements, the underlying deficiencies and regular interest (but not the section 6621(c) interest or the section 6651(a)(1) addition to tax) were assessed on September 25, 1987, for all 6 years.

Petitioners' representative filed a protest letter dated November 17, 1987, with regard to the addition to tax and increased interest and thereafter pursued the case through respondent's Appeals Division. One year later, petitioner obtained and delivered to the IRS a cashier's check dated November 19, 1988, in the amount of $318,024.13, which represented the total amount of the deficiencies (plus regular interest) to which petitioners had previously agreed. On the check a revenue agent wrote: "Received for payment in full of tax, penalties & interest for 1977, 1978, 1979, 1980, 1981, and 1982 (1040) W.G. Pender 11-18-88."

By statutory notices of deficiency dated January 6, 1989, respondent determined the following additions to tax and increased interest:

| Petitioner | Taxable year | Addition to tax sec. 6651(a)(1) | Increased interest sec. 6621(c) |
|---|---|---|---|
| Fortune J. Odend'hal, Jr. IV | 1977 | $11,113.00 | [1] |
| Fortune J. Odend'hal, | 1978 | 9,525.00 | [1] |
| Jr. IV and Carolyn | 1979 | 939.60 | [1] |
| L. Odend'hal | 1980 | - - - | [1] |
| | 1981 | - - - | [1] |
| | 1982 | - - - | [1] |

[1] Interest due on deficiency is increased to 120 percent of the normal underpayment rate.

On April 7, 1989, at which time they resided in Virginia, petitioners timely filed petitions for redetermination of respondent's determinations. On January 29, 1990, respondent filed a motion to dismiss for lack of jurisdiction as to 1980, 1981, and 1982 and as to the section 6621(c) issue in 1978 and 1979 in docket No. 6724-89 and a motion to dismiss for lack of jurisdiction as to section 6621(c) in docket No. 6725-89. On March 21, 1990, petitioners filed an

opposition to respondent's motions. These cases have been consolidated solely for purposes of considering these motions.

The issue for decision is whether we have jurisdiction under section 6621(c)(4) to determine whether petitioners are liable for increased interest in the setting presented in this case.

Respondent asserts that we do not have jurisdiction to determine whether petitioners are liable for increased interest because: (1) This Court generally lacks jurisdiction over matters concerning interest; and (2) section 6621(c)(4), a limited exception to the general rule, does not apply under the facts of this case. Petitioners contend that we have jurisdiction to determine whether they are liable for increased interest because: (1) Section 6621(c)(4) applies under the facts of this case; and (2) respondent is estopped to argue that section 6621(c)(4) does not apply.

It is well established that this Court generally lacks jurisdiction to determine interest. *Transport Manufacturing & Equipment Co. v. Commissioner*, 434 F.2d 373, 381 (8th Cir. 1970); *Commissioner v. Kilpatrick's Estate*, 140 F.2d 887 (6th Cir. 1944). Increased interest under section 6621(c) is the "interest" prescribed by section 6601(a) with the rate imposed therein increased. *White v. Commissioner*, 95 T.C. 209 (1990). This Court generally lacks jurisdiction to redetermine interest, including increased interest. *White v. Commissioner, supra.*

Petitioners contend that section 6621(c)(4) gives us jurisdiction over increased interest under the facts of this case. Respondent counters that section 6621(c)(4) does not give us jurisdiction over increased interest in this case because: (1) Section 6621(c)(4) only applies in a proceeding for redetermination of a deficiency; and (2) increased interest is not considered to be a "deficiency."

Section 6621(c)(1) provides:

(1) IN GENERAL.—In the case of interest payable under section 6601 with respect to any substantial underpayment attributable to tax motivated transactions, the rate of interest established under this section shall be 120 percent of the underpayment rate established under this subsection.

Section 6621(c)(4) provides:

(4) JURISDICTION OF TAX COURT.—*In the case of any proceeding in the Tax Court for a redetermination of a deficiency,* the Tax Court shall also have jurisdiction to determine the portion (if any) of *such* deficiency which is a substantial underpayment attributable to tax motivated transactions. [Emphasis added.]

Section 6621(c)(4) only applies in a "proceeding in the Tax Court for a redetermination of a deficiency." Thus, we must have a proceeding for redetermination of a deficiency to have jurisdiction under section 6621(c)(4). *White v. Commissioner, supra.*

Respondent determined that petitioners were liable for increased interest for 1977 through 1982. As we have previously held in *White v. Commissioner, supra,* increased interest is not considered to be a deficiency within the meaning of section 6211(a). Thus, a proceeding solely for redetermination of increased interest is not a proceeding for redetermination of a deficiency as contemplated in section 6621(c)(4). *White v. Commissioner, supra.*

Respondent also determined that petitioners were liable for additions to tax under section 6651(a)(1) because of late filing for each of the 3 years 1977 through 1979. An addition to tax under section 6651(a)(1) which is attributable to a tax subject to the deficiency procedures, rather than to the tax shown on the return, is likewise subject to the deficiency procedures. *Estate of DiRezza v. Commissioner,* 78 T.C. 19, 29-30 (1982). The additions to tax under section 6651(a)(1) determined by respondent in this case are attributable to taxes subject to the deficiency procedures. Respondent, however, asserts that section 6621(c)(4) does not give us jurisdiction over increased interest because the deficiencies before us are additions to tax (in this case, determined because of late filing of petitioners' returns), and not substantial underpayments attributable to tax-motivated transactions within the intendment of section 6621(c)(4).

A substantial underpayment of tax attributable to tax-motivated transactions only includes taxes imposed by subtitle A; i.e., income taxes. Sec. 6621(c)(2); *White v. Commissioner, supra.* An addition to tax for late filing under section 6651(a)(1) is imposed by subtitle F, relating to procedure and administration, not subtitle A, relating to

income taxes. *White v. Commissioner, supra.* We also observe that there is no logical relationship whatsoever between late filing (section 6651(a)(1)) and a substantial underpayment attributable to tax-motivated transactions, the talismanic words of section 6621(c)(4). Thus, no portion of the deficiencies before us can confer jurisdiction under section 6621(c)(4).

Petitioners concede that "read literally the instant Notice of Deficiency may not assert a deficiency that includes a tax motivated transaction." However, petitioners state that "a technical and literalistic reading of section 6621(c)(4)" has no bearing on the facts of the instant case. Instead, petitioners make the following argument:

> It is apparent from even a superficial reading of section 6621(c)(4) that it was intended to apply, as in the typical case, where the Respondent assessed both a "deficiency" * * * and additional interest under section 6621(c). The effect of section 6621(c)(4) was to allow the entire matter to be resolved by the Tax Court, without the need for a separate suit to challenge the section 6621(c) interest. There is absolutely no indication in the statute or legislative history how Congress intended section 6621(c)(4) to apply to the relatively unusual facts of the present case.

In making this argument, petitioners simply close their eyes to what section 6621(c)(4) provides.

First, we note that this Court is a court of limited jurisdiction and may only exercise jurisdiction to the extent expressly permitted by statute. *Judge v. Commissioner,* 88 T.C. 1175, 1180-1181 (1987). It bears repeating that section 6621(c)(4) provides that in a proceeding for redetermination of a deficiency we "have jurisdiction to determine the portion (if any) of such deficiency which is a substantial underpayment attributable to tax motivated transactions." That is the *only* jurisdiction conferred by the statute on this Court which can affect the computation of increased interest. Section 6621(c)(4) does not provide that we have jurisdiction to determine increased interest in *all* factual settings. And the legislative history of section 6621(c) does not suggest that Congress intended to give us jurisdiction to determine increased interest in all factual settings. H. Rept. 98-861 (Conf.), at 984-986 (1984), 1984-3 C.B. (Vol. 2) 238-240. Therefore, we may only exercise jurisdiction to the extent expressly permitted by section 6621(c)(4).

Petitioners contend that "there is no policy reason for this Court to engage in an arcane and technical construction of section 6621(c)(4)" for the reason that section 6621(c)(4) was repealed for returns due after December 31, 1989. Regrettably, petitioners are unable to cite any authority showing that the literal language of a statute may be ignored when a statute has been only prospectively repealed. We simply may not use the repeal of section 6621(c)(4) as a pretext for ignoring the language of the section in determining our jurisdiction.

Petitioners further contend that we have jurisdiction over increased interest in this case because: (1) The deficiency in tax, additions to tax, and increased interest due for each of the years in issue were previously paid and assessed; and (2) "to rule upon the instant petition, this Court must necessarily redetermine what was covered by the prior assessment, which clearly included a 'deficiency,' a portion of which may have been tax motivated." Respondent correctly counters that petitioners confuse a motion to dismiss for lack of jurisdiction with a motion for summary judgment and that issues of fact are not relevant to a motion to dismiss for lack of jurisdiction.

Section 6621(c)(4) does not give us jurisdiction to take into consideration whether a portion of a prior assessment was attributable to a tax-motivated transaction. The existence of a question of fact that may need to be ruled on by some court does not confer jurisdiction on this Court to make such a ruling. Thus, the fact that a dispute may exist as to the proper application of amounts previously paid to respondent with respect to the years in issue does not give us jurisdiction over the increased interest determined by respondent.

Petitioners further contend that section 6621(c)(4) gives us jurisdiction over increased interest in this case because respondent is estopped to argue that increased interest is not a deficiency. Respondent counters, again correctly we believe, that "even assuming that the respondent was estopped under these circumstances, * * * an estoppel argument is simply ineffective to create jurisdiction where none already exists."

The doctrine of equitable estoppel is based on equitable principles. *Southern Pacific Transportation Co. v. Commissioner*, 75 T.C. 497, 838 (1980). As a court of limited jurisdiction, we may not apply equitable principles to take jurisdiction over a matter not authorized by statute. *Commissioner v. Gooch Milling & Elevator Co.*, 320 U.S. 418 (1943); *Woods v. Commissioner*, 92 T.C. 776, 787 (1989); *Knapp v. Commissioner*, 90 T.C. 430 (1988), affd. 867 F.2d 749 (2d Cir. 1989).

Accordingly, we hold that in the factual setting presented in this case this Court does not have jurisdiction under section 6621(c)(4) to determine whether petitioners are liable for increased interest because, for the reasons stated, the deficiencies before us are not substantial underpayments attributable to tax-motivated transactions. Respondent's motion to dismiss for lack of jurisdiction as to 1980, 1981, and 1982 and as to the section 6621(c) issue in 1978 and 1979 in docket No. 6724-89 and motion to dismiss for lack of jurisdiction as to section 6621(c) in docket No. 6725-89 will be granted.

To reflect the foregoing,

*An appropriate order will be issued.*