T.C. Memo. 1996-521


UNITED STATES TAX COURT


MICHAEL J. HECKLER, A.K.A. MICHAEL VONHECKLER AND
CHARLOTTE A. MISKA, Petitioners v. COMMISSIONER
OF INTERNAL REVENUE, Respondent


Docket No. 26742-95.                    Filed November 26, 1996.


Michael J. VonHeckler, pro se.

Joanne E. Johnson and William C. Sabin, Jr., for respondent.


MEMORANDUM OPINION


PANUTHOS, Chief Special Trial Judge:  This matter is before the Court on petitioner Michael VonHeckler's Motion to Restrain Assessment and Collection and respondent's Motion to Dismiss for Lack of Jurisdiction and to Strike the Claims Relating to the

Increased Interest Pursuant to Former I.R.C. Section 6621(c).[1]
The issues raised by the parties' motions involve the scope of
the Court's jurisdiction in a so-called affected items
proceeding.

Background

During 1986, Michael VonHeckler (petitioner) was a limited
partner in a partnership known as Irving & Co.  On their 1986
income tax return, petitioners reported a loss in the amount of
$15,432 representing their distributive share of a $183,184 loss
reported by Irving & Co. on its partnership return for 1986.

In early 1990, respondent issued a notice of deficiency to
petitioners determining a deficiency in, and additions to, their
Federal income tax for 1986.  The deficiency was based on
respondent's determination disallowing Schedule C expenses and
itemized deductions (nonpartnership items) that petitioners
reported on their 1986 return.  Petitioners filed a petition with
this Court, assigned docket No. 11547-90, seeking a
redetermination of the deficiency and additions to tax.  On May
14, 1991, the Court entered a stipulated decision in docket No.
11547-90 that states that petitioners are liable for a deficiency
in tax in the amount of $1,747 for 1986.  The decision further
states that petitioners are not liable for additions to tax under

---

[1]  Unless otherwise noted, all section references are to the
Internal Revenue Code as amended.  All Rule references are to the
Tax Court Rules of Practice and Procedure.

sections 6653(a)(1)(A) and (B) or 6661 for that year. The stipulated decision includes the parties' stipulation that the deficiency in tax was computed on the assumption that petitioners correctly reported Irving & Co. partnership items on their 1986 tax return and that adjustments to petitioners' tax liability for 1986 relating to their investment in Irving & Co. would be resolved in separate partnership level proceedings. The final paragraph of the stipulation states that, upon entry of decision, petitioners waive the restriction contained in section 6213(a) prohibiting assessment and collection of the deficiency and statutory interest until the decision of the Court is final.

On July 11, 1991, petitioners paid $1,747 to respondent in satisfaction of the deficiency stipulated to in docket No. 11547-90. Further, on July 18, 1991, petitioners paid $976.38 to respondent in satisfaction of the interest due on the deficiency. The latter payment resulted in an overpayment of $17.41, which respondent credited to petitioners' tax liability for 1988 pursuant to section 6402(a).

On April 16, 1993, petitioner, acting as tax matters partner for Irving & Co., filed a timely petition for readjustment with the Court, assigned docket No. 7530-93, seeking readjustment of items set forth in a notice of final partnership administrative adjustment (FPAA) issued to Irving & Co. for its taxable year 1986. On September 12, 1994, the Court entered a decision

sustaining respondent's disallowance of the ordinary loss reported on the partnership's 1986 return.

As a result of the entry of decision in docket No. 7530-93, respondent issued a notice to petitioners stating that respondent was changing petitioners' account for 1986 to reflect the following:  (1) Entry of an assessment for tax in the amount of $6,054 reflecting the computational adjustment attributable to the disallowance of petitioner's distributive share of the ordinary loss reported by Irving & Co., and (2) entry of an assessment in the amount of $8,692.79 for interest computed at the increased rate prescribed in section 6621(c) due from petitioners on the tax deficiency of $6,054.  (The notice indicates that the assessment in the amount of $6,054 was offset by petitioners' advance payment of that amount on July 20, 1994.)

On October 2, 1995, respondent issued a so-called affected items notice of deficiency to petitioners for 1986.  In particular, respondent determined that petitioners are liable for an addition to tax under section 6653(a)(1)(A) in the amount of $303, an addition to tax under section 6653(a)(1)(B) equal to 50 percent of the interest due on $6,054, and an addition to tax under section 6661 in the amount of $1,514, attributable to the tax deficiency arising from the disallowance of petitioner's distributive share of Irving & Co. partnership items.

On December 26, 1995, petitioners filed a petition for redetermination with the Court. The petition includes allegations that the amount in dispute is $8,692.79, that petitioners paid the tax on July 18, 1994, and that respondent computed the interest incorrectly.

On February 20, 1996, petitioners paid $3,240.60 which respondent applied against the $8,692.79 assessment for section 6621(c) interest that respondent assessed against petitioners on October 23, 1995.

On June 24, 1996, petitioner filed a Motion to Restrain Assessment and Collection attaching thereto a notice of intent to levy which respondent issued to petitioners on June 10, 1996, demanding payment in the amount of $5,926.35 for the taxable year 1986.

Petitioner's motion was called for hearing in Washington, D.C., on August 28, 1996. Counsel for respondent appeared at the hearing and was granted leave to file an objection to petitioner's motion. Although petitioner did not appear at the hearing, he did file three written statements with the Court pursuant to Rule 50(c).[2] Reading petitioner's written statements together, petitioner contends that the $3,240.60 that petitioners

---

[2] After the hearing, petitioner filed a response to respondent's memorandum of law in support of respondent's objection to petitioner's motion to restrain assessment and collection.

paid on February 20, 1996, represents the full amount of the interest due on the tax deficiency of $6,054 computed from April 15, 1987 (the due date of petitioners' 1986 tax return) to March 18, 1991 (the date that petitioners executed a waiver of restrictions as to assessment and collection in docket No. 11547-90).

During the hearing on this matter, respondent asserted that the $5,926.35 amount listed as due in the notice of intent to levy dated June 10, 1996, represents the balance due from petitioners for interest computed at the increased rate prescribed in section 6621(c) after taking into the account the $3,240.60 that petitioners paid on February 20, 1996.  Respondent argued that such interest was properly assessed and that the Court lacks jurisdiction to consider the matter in this case.

By order dated August 30, 1996, respondent was directed to file a memorandum addressing the jurisdictional matters discussed at the hearing, including whether the Court has the authority to consider petitioners' liability for interest computed at the increased rate prescribed in section 6621(c) pursuant to the Court's authority to determine an overpayment under section 6512(b).  Barton v. Commissioner, 97 T.C. 548 (1991).  In addition, petitioner was given the opportunity to file a response to respondent's objection and/or file a memorandum addressing the scope of the Court's jurisdiction in this proceeding.

On September 20, 1996, petitioner filed a response to respondent's objection.  Petitioner contends that respondent erroneously assessed interest computed at the increased rate prescribed in section 6621(c) on the ground that it violates--

> the stipulation of Docket # 11547-90, paragraph (g), which waived the restriction of assessment for the TEFRA partnership, paragraph (f), and invokes the suspension of interest per I.R.C. 6601(c).

On October 15, 1996, respondent filed a Motion to Dismiss for Lack of Jurisdiction and to Strike the Claims Relating to the Increased Interest Pursuant to Former I.R.C. Section 6621(c), along with a supporting memorandum.  Specifically, relying on White v. Commissioner, 95 T.C. 209 (1990), and Odend'hal v. Commissioner, 95 T.C. 617 (1990), respondent contends that, in a case based upon an affected items notice of deficiency which pertains solely to additions to tax, this Court lacks the authority, in the exercise of its jurisdiction to redetermine a deficiency, to consider a taxpayer's liability for interest computed at the increased rate prescribed in section 6621(c). Respondent further contends that petitioners have not overpaid the interest in dispute (whether such interest is computed at the normal rate prescribed in section 6621(a)(2) or the increased rate prescribed in section 6621(c)), and, therefore, the Court lacks jurisdiction to determine an overpayment under section 6512(b).  See Barton v. Commissioner, supra; Greene v. Commissioner, T.C. Memo. 1995-105.  In support of the latter

contention, respondent submitted separate schedules setting forth respondent's computations of the interest due from petitioners and respondent's application of the payments received from petitioners as of August 28, 1996. The latter schedule indicates that, notwithstanding petitioners' payment of $3,240.60 on February 20, 1996, petitioners still owe interest in the amount of $3,755.35 for 1986 computed at the normal rate prescribed in section 6621(a)(2), and $6,106.15 if such interest is computed at the increased rate prescribed in section 6621(c).[3]

## Discussion

The tax treatment of any partnership item generally is determined at the partnership level pursuant to the unified audit and litigation procedures set forth in sections 6221 through 6233. Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), Pub. L. 97-248, sec. 402(a), 96 Stat. 648. The TEFRA procedures

---

[3] We note that the schedule setting forth respondent's application of payments received from petitioners varies slightly from the description of the application of those payments contained in respondent's objection to petitioner's Motion to Restrain Assessment and Collection. In particular, respondent's objection states that the $976.38 that petitioners paid on July 18, 1991, was applied to offset $958.97 in interest due on the deficiency of $1,747 entered against petitioners in docket No. 11547-90, with a $17.41 credit being applied against petitioners' tax liability for 1988. In contrast, the schedule suggests that the $958.97 amount was applied against the $6,054 in tax assessed against petitioners as a computational adjustment to reflect the disallowance of Irving & Co. partnership items. Although it appears that respondent's objection contains a correct statement of the application of the payment, we observe that the discrepancy would not compromise respondent's assertion that petitioners have not overpaid interest in this case.

apply with respect to all taxable years of a partnership beginning after September 3, 1982. Sparks v. Commissioner, 87 T.C. 1279, 1284 (1986); Maxwell v. Commissioner, 87 T.C. 783, 789 (1986). Partnership items include each partner's proportionate share of the partnership's aggregate items of income, gain, loss, deduction, or credit. Sec. 6231(a)(3); sec. 301.6231(a)(3)-1(a)(1)(i), Proced. & Admin. Regs.

Affected items are defined in section 6231(a)(5) as any item to the extent such item is affected by a partnership item. White v. Commissioner, supra at 211. The first type of affected item is a computational adjustment made to record the change in a partner's tax liability resulting from the proper treatment of partnership items. Sec. 6231(a)(6); White v. Commissioner, supra. Once partnership level proceedings are completed, respondent is permitted to assess a computational adjustment against a partner without issuing a deficiency notice. Sec. 6230(a)(1); N.C.F. Energy Partners v. Commissioner, 89 T.C. 741, 744 (1987); Maxwell v. Commissioner, supra at 792 n.9.

The second type of affected item is one that is dependent upon factual determinations to be made at the individual partner level. N.C.F. Energy Partners v. Commissioner, supra at 744. Section 6230(a)(2)(A)(i) provides that the normal deficiency procedures apply to those affected items which require partner level determinations. The additions to tax for negligence are

affected items requiring factual determinations at the individual partner level.  <u>N.C.F. Energy Partners v. Commissioner</u>, <u>supra</u> at 745.

With the foregoing as background, we turn first to respondent's Motion to Dismiss for Lack of Jurisdiction and to Strike.  Respondent asserts that, under the circumstances presented, the Court lacks jurisdiction, either under its authority to redetermine a deficiency or under its authority to determine an overpayment, to consider petitioners' liability for interest imposed at the increased rate provided under section 6621(c).

Interest computed at the increased rate provided under section 6621(c) is imposed on a substantial underpayment of tax that is attributable to a tax-motivated transaction.[4]  Because the application of section 6621(c) turns on elements that are specific to an individual partner, it follows that such interest is correctly characterized as an affected item that cannot be

---

[4]  Sec. 6621(c) provides for interest at 120 percent of the normal rate provided under sec. 6601.  Sec. 6621(c) is applicable solely with respect to interest accruing after Dec. 31, 1984, even though the transaction was entered into prior to the date of enactment of sec. 6621(c).  <u>Solowiejczyk v. Commissioner</u>, 85 T.C. 552 (1985), affd. without published opinion 795 F.2d 1005 (2d Cir. 1986).  Sec. 6621(c) was repealed by sec. 7721(b) of the Omnibus Budget Reconciliation Act of 1989, Pub. L. 101-239, 103 Stat. 2106, 2399, effective with respect to returns the due date for which is after Dec. 31, 1989.

reviewed in partnership level proceedings.  <u>N.C.F. Energy</u>
<u>Partners v. Commissioner</u>, <u>supra</u> at 745.

However, as explained in <u>White v. Commissioner</u>, 95 T.C. at
212-214, an individual partner's liability for section 6621(c)
interest normally cannot be raised in a so-called affected items
proceeding.  In <u>White</u>, the Commissioner issued a notice of
deficiency to the taxpayers solely for additions to tax after the
underlying tax deficiency was assessed as a computational
adjustment following the conclusion of partnership level
proceedings.  When the taxpayers filed a petition contesting the
additions to tax as well as their liability for additional
interest under section 6621(c), the Commissioner responded by
filing a motion to dismiss for lack of jurisdiction as to the
additional interest.

In granting the Commissioner's motion to dismiss in <u>White</u>,
we first held, based upon a combined reading of sections 6211(a),
6230(a), and 6601(e)(1), that interest computed at the increased
rate prescribed in section 6621(c)(1) is not a deficiency within
the meaning of section 6211(a).  Consistent with this holding, we
rejected the taxpayers' argument that section 6230(a)(2)(A)(i)
provides statutory authority for this Court to redetermine such
interest.  Next, we analyzed section 6621(c)(4) and concluded
that our jurisdiction under that provision is limited to
determining only the portion of a deficiency in tax imposed under

subtitle A that is subject to interest computed at the increased rate prescribed in section 6621(c)(1). Because the only items in dispute in White concerned additions to tax, the underlying deficiency in tax having been previously assessed as a computational adjustment pursuant to section 6230(a)(1), we held that section 6621(c)(4) did not provide the Court with jurisdiction to redetermine the taxpayers' liability for increased interest under section 6621(c). Accord Odend'hal v. Commissioner, 95 T.C. 617 (1990).

As in White v. Commissioner, supra, respondent issued a notice of deficiency to petitioners solely for additions to tax after assessing the underlying tax deficiency as a computational adjustment following the conclusion of the Irving & Co. partnership level proceedings. Consistent with White v. Commissioner, supra, it follows that we lack jurisdiction in this deficiency proceeding to redetermine petitioners' liability for interest computed at the increased rate prescribed in section 6621(c).

We likewise agree with respondent that, under the circumstances presented, we do not have the authority to consider petitioners' liability for interest computed at the increased rate prescribed in section 6621(c) by virtue of our jurisdiction to determine an overpayment under section 6512(b). In short, the record shows that, despite petitioners' payment of $3,240.60 on

February 20, 1996, petitioners have not overpaid the interest due on the $6,054 tax deficiency that respondent assessed as a computational adjustment on October 23, 1995, regardless of whether such interest is computed under the normal rate prescribed in section 6621(a)(2) or under the increased rate prescribed in section 6621(c).  See Greene v. Commissioner, T.C. Memo. 1995-105.

Petitioner's contention that the $3,240.60 paid on February 20, 1996, represents the full amount of the interest due on the tax deficiency of $6,054 is incorrect.  Petitioner's argument is based on the erroneous assumption that the interest due on the deficiency of $6,054, arising from the disallowance of his distributive share of the loss reported by Irving & Co., is computed from April 15, 1987 (the due date of petitioners' 1986 tax return) to March 18, 1991 (the date that petitioners executed a waiver of restrictions as to assessment and collection in docket No. 11547-90).  To the contrary, the stipulated decision entered in docket No. 11547-90, and the waiver of restrictions on assessment and collection which petitioners executed in connection with that decision, concerned adjustments to petitioners' 1986 tax liability wholly independent of the partnership adjustments underlying the instant proceeding.  In this light, it is evident that the waiver does not toll the

interest accruing as the result of adjustments to petitioner's distributive share of Irving & Co. partnership items.

Consistent with the preceding discussion, we hold that our jurisdiction in this case is limited to redetermining petitioners' liability for the additions to tax set forth in the affected items notice of deficiency, and that we lack jurisdiction to consider petitioners' liability for interest computed at the increased rate prescribed in section 6621(c). Consequently, we shall grant respondent's Motion to Dismiss for Lack of Jurisdiction and to Strike the Claims Relating to the Increased Interest Pursuant to Former I.R.C. Section 6621(c).

We shall deny petitioner's Motion to Restrain Assessment and Collection. Section 6213(a) provides that this Court may enjoin respondent's collection efforts if respondent is attempting to collect amounts that have been placed in dispute in a timely filed petition for redetermination. Powerstein v. Commissioner, 99 T.C. 466, 471-472 (1992); Powell v. Commissioner, 96 T.C. 707, 711 (1991). Having resolved that we lack jurisdiction over the section 6621(c) interest which respondent assessed following the conclusion of the Irving & Co. partnership level proceedings, it is evident that petitioner's Motion to Restrain Assessment and Collection, which is directed at that assessment, must be denied. Simply stated, respondent is not attempting to collect amounts

which are properly before us in this proceeding.  See <u>Powell v. Commissioner</u>, <u>supra</u>.

To reflect the foregoing,

<u>An order will be issued granting respondent's Motion to Dismiss for Lack of Jurisdiction and to Strike the Claims Relating to the Increased Interest Pursuant to Former I.R.C. Section 6621(c) and denying petitioner's Motion to Restrain Assessment and Collection</u>.