T.C. Memo. 2017-243

UNITED STATES TAX COURT

JASON CHRISTOPHER BENNETT AND KIRSTEN PAULINE BENNETT,
Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1493-17.                          Filed December 6, 2017.

Jason Christopher Bennett and Kirsten Pauline Bennett, pro sese.

Michael W. Berwind and Linette B. Angelastro, for respondent.

MEMORANDUM OPINION

GUY, Special Trial Judge:  This case is before the Court on respondent's

motion to dismiss for lack of jurisdiction on the ground that no notice of

deficiency or notice of determination has been issued that would permit petitioners

[*2] to invoke the Court's jurisdiction.[1] Petitioners (husband and wife) oppose respondent's motion.[2] As discussed in detail below, we will grant respondent's motion to dismiss for lack of jurisdiction.

### Background[3]

On October 30, 2008, petitioners filed a joint Form 1040, U.S. Individual Income Tax Return, for the taxable year 2007, reporting tax due of $313,985. They did not remit payment with the tax return.

On December 8, 2008, the Internal Revenue Service (IRS) assessed the following items: tax of $313,985, interest of $11,744, an addition to tax of $14,272 for failure to pay estimated tax, an addition to tax of $14,129 for failure to file a timely tax return, and an addition to tax of $12,544 for failure to timely pay the tax. The IRS later applied petitioners' overpayments for the taxable years 2006, 2008, 2009, and 2010 (totaling $105,453) to offset a portion of petitioners' unpaid tax liability for 2007.

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended. Monetary amounts are rounded to the nearest dollar.

[2]Petitioners resided in California at the time the petition was filed.

[3]The following facts, which are not in dispute, are drawn from the parties' pleadings, respondent's motion, petitioners' responses, and supporting documents.

[*3] In July 2011 petitioners submitted to the IRS a Form 1040X, Amended U.S. Individual Income Tax Return, for 2007, reporting a loss and no tax due. The IRS did not process the amended return and instead treated it as petitioners' claim for refund.

The IRS Examination Division and the Office of Appeals reviewed petitioners' amended return for 2007 in conjunction with an examination of their tax return for 2009 and found that they had realized a net operating loss of $343,726 in 2009 that was available for carryback to 2007. As a consequence of that adjustment and other findings, the IRS concluded that petitioners' correct income and self-employment tax liability for 2007 was $51,276.

The adjustments described above were recorded on Form 3610, Audit Statement, dated October 30, 2013, and Form 5278, Statement--Income Tax Changes. Form 3610 reflected an overassessment of $262,709 of income tax on petitioners' account for 2007 and included statements that "[r]estricted interest applies for tax year 2007" and "[y]our claim for refund totaling $124,443 for tax year ended 12/31/2007 has been considered and allowed in part by Appeals in the preparation of this settlement computation."[4]

---

[4]There is no clear explanation in the record for the reference to a refund claim totaling $124,443.

**[*4]** Form 5278 provided a detailed schedule of various adjustments to petitioners' income for 2007 along with computations of their correct tax liability. Form 5278, line 24, which provides a space to identify penalties and additions to tax, was left blank.

On November 25, 2013, petitioners signed Form 2297, Waiver of Statutory Notification of Claim Disallowance, for the year in issue. Form 2297 stated that petitioners had claimed a refund of $124,443, that $51,276 of the claim had been disallowed, and that petitioners had waived the requirement under section 6532(a)(1) that the IRS send a notice of claim disallowance by certified or registered mail. The Form 2297 further stated that the two-year period for filing a refund suit would begin to run immediately.

Accounting for the adjustments described above, the IRS abated a portion of the previously assessed tax and additions to tax, leaving petitioners responsible for tax of $51,276, additions to tax of $42,552, and interest of $10,986--a total tax liability of $104,814 for 2007. Petitioners' were credited with total payments of $105,453, and they received a modest refund in early 2014.

**[\*5]**   In January 2014 petitioners contacted the Taxpayer Advocate Service (TAS) to seek help in obtaining a further refund for 2007.  In November 2014 they received an additional refund of $9,634 for the year in issue.[5]

On February 3, 2015, petitioners submitted to the IRS a Form 843, Claim for Refund and Request for Abatement, for 2007, seeking a refund or abatement of $43,895.  Petitioners attached a statement to the Form 843 explaining that they had entered into a settlement agreement with the IRS absolving them of any liability for any additions to tax or interest for the year in issue.  The IRS did not issue a notice of determination to petitioners or otherwise act on their claim for refund or abatement.

On January 23, 2017, petitioners filed a petition with the Court.  As previously indicated, respondent maintains that the Court lacks jurisdiction in this case.

## Discussion

The Tax Court is a court of limited jurisdiction, and we may exercise our jurisdiction only to the extent authorized by Congress.  Naftel v. Commissioner, 85 T.C. 527, 529 (1985).  Jurisdiction must be shown affirmatively, and

---

[5]There is no clear explanation in the record for the adjustments underlying this refund.

**[*6]** petitioners bear the burden of proving that they have properly invoked the Court's jurisdiction. See, e.g., David Dung Le, M.D., Inc. v. Commissioner, 114 T.C. 268, 270 (2000), aff'd, 22 F. App'x 837 (9th Cir. 2001).

The Court's jurisdiction to redetermine an income tax deficiency under section 6213(a) depends upon the issuance of a notice of deficiency and a timely filed petition. See Monge v. Commissioner, 93 T.C. 22, 27 (1989); Normac, Inc. v. Commissioner, 90 T.C. 142, 147 (1988).

Where a taxpayer has properly invoked the Court's jurisdiction to redetermine a deficiency, section 6512(b)(1) and (2) authorizes the Court to determine that a taxpayer has made an overpayment of income tax and, if necessary, to order the Commissioner to refund the overpayment. See Green-Thapedi v. Commissioner, 126 T.C. 1, 9-10 (2006).

Independent of the Court's jurisdiction to redetermine a tax deficiency, section 6404(h) authorizes the Court to review the Secretary's denial of a taxpayer's request to abate an assessment of interest. See Banat v. Commissioner, 109 T.C. 92, 94-95 (1997). For claims for abatement of interest filed with the Secretary on or before December 18, 2015, section 6404(h) vests the Court with jurisdiction to determine whether the Secretary's failure to abate interest was an

**[\*7]** abuse of discretion if such action is brought within 180 days after the date of the mailing of the Secretary's final determination not to abate such interest.[6]

In the Consolidated Appropriations Act, 2016, Pub. L. No. 114-113, div. Q, Protecting Americans from Tax Hikes Act (PATH Act) of 2015, sec. 421(a), 129 Stat. at 3123 (2015), Congress recently amended section 6404(h) to expand the opportunity for judicial review of taxpayer claims for abatement of interest. Section 6404(h) now provides that a taxpayer may file a petition invoking the Court's jurisdiction under that section in the event the Secretary fails to issue a notice of determination to the taxpayer within 180 days after he or she has filed a request for abatement of interest. The PATH Act was enacted on December 18, 2015, and Congress made the amendment to section 6404(h) effective for claims for abatement of interest filed with the Secretary after that date. PATH Act sec. 421(b), 129 Stat. at 3123.

Petitioners offer alternative theories in support of the Court's jurisdiction in this case. First, while acknowledging that respondent has not issued a notice of deficiency to them for 2007, petitioners contend that respondent failed to comply with the terms of a settlement agreement and, therefore, the Court should treat

---

[6]The taxpayer must also meet the requirements referred to in sec. 7430(c)(4)(A)(ii).

**[\*8]** respondent as having failed "to issue a refund in accordance with a final order of the Tax Court, over which this Court would have jurisdiction under Code section 6512(b)(2) and Tax Court Rule 260."

Petitioners' argument suffers from more than one flaw.[7] Suffice it to say that, inasmuch as respondent has not issued a notice of deficiency to petitioners for 2007, and they have not properly invoked the Court's jurisdiction to redetermine a deficiency under section 6213(a), the Court lacks jurisdiction to determine an overpayment of income tax under section 6512(b). At best, petitioners' argument amounts to an appeal to the Court to assume jurisdiction upon equitable considerations. However, as a court of limited jurisdiction, we may not apply equitable principles to assume jurisdiction over a matter not authorized by statute. See Odend'hal v. Commissioner, 95 T.C. 617, 624 (1990) (and cases cited thereat).

Petitioners assert in the alternative that section 6404(h) vests the Court with jurisdiction because the Secretary failed to issue a notice of determination to them within 180 days of the date that they filed Form 843. Petitioners' reliance on

---

[7]Secs. 7121 and 7122 prescribe the exclusive means for effecting a settlement or compromise binding on both the taxpayer and the Commissioner. Colebank v. Commissioner, T.C. Memo. 1977-46, aff'd without published opinion, 610 F.2d 999 (D.C. Cir. 1979). The record does not reflect that the parties entered into a binding settlement agreement for the year in issue.

**[\*9]** section 6404(h) is misplaced. As discussed above, the recent amendment to that provision which expands the opportunity for judicial review in cases in which the Secretary fails to act within 180 days after the date of filing of a claim for abatement of interest is effective only for claims for abatement of interest filed after December 18, 2015. Because petitioners filed Form 843 with the IRS in February 2015, they cannot take advantage of the Court's expanded jurisdiction under section 6404(h), as amended.

Without a notice of deficiency or notice of final determination not to abate interest, petitioners lack a "ticket" to the Tax Court, and their attempt to invoke the Court's jurisdiction in this case must fail. See Banat v. Commissioner, 109 T.C. at 94-95. Consistent with the foregoing, we will grant respondent's motion to dismiss for lack of jurisdiction.

To reflect the foregoing,

An order of dismissal for lack of jurisdiction will be entered.