T.C. Memo. 1997-454

UNITED STATES TAX COURT

JOHN G. GOETTEE, JR., and MARIAN GOETTEE, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 26591-96.                    Filed October 6, 1997.

John G. Goettee, Jr., and Marian Goettee, pro se.

<u>Pamela S. Wilson</u> and <u>Helen F. Rogers</u>, for respondent.

MEMORANDUM OPINION

PANUTHOS, <u>Chief Special Trial Judge</u>:  This matter is before
the Court on respondent's Motion to Dismiss for Lack of
Jurisdiction and respondent's Motion for Partial Summary
Judgment.  Respondent asserts that the Court lacks jurisdiction
pursuant to section 6404(g) to review respondent's denial of
petitioners' requests for abatement of interest.[1]  In the

_____

[1] All section references are to the Internal Revenue Code
as amended, unless otherwise indicated.  All Rule references are
to the Tax Court Rules of Practice and Procedure.

alternative, respondent seeks partial summary judgment that section 6404(e) does not provide authority for respondent to abate interest assessed against petitioners for the taxable year 1978.

Background

On October 23, 1995, petitioners filed Forms 843 (Claim for Refund and Request for Abatement) requesting that respondent abate interest for the taxable years 1978, 1979, 1981, 1982, and 1983.  On February 5, 1996, respondent issued a letter to petitioners proposing to disallow petitioners' requests for abatement of interest.  Petitioners immediately requested further administrative review and the matter was assigned to Appeals Officer Samuel E. Fish.

Upon review of the matter, Appeals Officer Fish advised petitioners that, in order to preserve their right for review in the Tax Court, petitioners should withdraw their original requests for abatement and file new requests after July 30, 1996. Although petitioners did not formally withdraw their original requests for abatement, respondent concedes that petitioners' original requests were never formally disallowed.  In any event, on October 3, 1996, petitioners filed a second set of requests for abatement consistent with the advice of Appeals Officer Fish. On November 13, 1996, respondent issued a notice of disallowance to petitioners stating that petitioners' requests for abatement

of interest were only partially allowed insofar as respondent agreed to abate interest accruing during the period October 4, 1995 to September 20, 1996--which for the most part coincided with the period that petitioners' requests for abatement were under consideration by respondent.

On December 6, 1996, petitioners filed with the Court a petition for review of respondent's denial of their requests for abatement of interest.[2]  After filing an answer to the petition, respondent filed a Motion for Partial Summary Judgment that petitioners' request for abatement respecting the taxable year 1978 was properly denied on the ground that respondent lacks the authority to abate interest for the taxable year 1978.[3] Petitioners filed an opposition to respondent's Motion for Partial Summary Judgment.

This matter was called for hearing at the Court's motions session held in Washington, D.C.  Counsel for respondent appeared at the hearing and raised the argument that the Court lacks jurisdiction under section 6404(g) to consider the petition filed

---

[2]  At the time the petition was filed, petitioners resided at New Windsor, Maryland.

[3]  At the hearing of this matter, counsel for respondent stated that respondent had erred insofar as the Nov. 13, 1996, notice of disallowance provides for the abatement of a portion of the interest assessed against petitioners for the taxable year 1978.  However, counsel for respondent stated that respondent would not attempt to reverse the erroneous abatement.

herein. Petitioner John G. Goettee, Jr., appeared at the hearing and offered argument in opposition to respondent's position.

Following the hearing, respondent filed a Motion to Dismiss for Lack of Jurisdiction and a memorandum in support of the motion. Petitioners filed an objection to respondent's motion to dismiss, to which respondent filed a reply.

Discussion

As a preliminary matter, we must decide whether the Court has jurisdiction over this matter. The Tax Court is a court of limited jurisdiction, and we may exercise our jurisdiction only to the extent authorized by Congress. Naftel v. Commissioner, 85 T.C. 527, 529 (1985).

Section 6404(g), codified under section 302(a) of the Taxpayer Bill of Rights 2 (TBOR 2), Pub. L. 104-168, 110 Stat. 1452, 1457 (1996), provides the Tax Court with authority to review the Commissioner's denial of a taxpayer's request for abatement of interest. Section 6404(g) provides in pertinent part as follows:

> (g) Review Of Denial Of Request For Abatement Of Interest.--
> (1) In General.--The Tax Court shall have jurisdiction over any action brought by a taxpayer who meets the requirements referred to in section 7430(c)(4)(A)(ii) to determine whether the Secretary's failure to abate interest under this section was an abuse of discretion, and may order an abatement, if such action is brought within 180 days after the date of the mailing of the Secretary's final determination not to abate such interest. * * *

Section 302(b) of TBOR 2, 110 Stat. 1458, provides that section 6404(g) applies "to requests for abatement after the date of the enactment of this Act."  TBOR 2 was enacted on July 30, 1996.

Respondent maintains that we lack jurisdiction to review the denial of petitioners' requests for abatement of interest on the ground that petitioners' original requests for abatement of interest were filed prior to July 31, 1996.  Respondent further contends that, despite the Appeals officer's advice to the contrary, petitioners may not refile their requests for abatement after July 30, 1996, for the purpose of invoking the Court's jurisdiction.

In Banat v. Commissioner, 109 T.C. 92 (1997), we considered the question of the Court's jurisdiction to review the Commissioner's denial of a request for abatement of interest where the request was filed prior to July 31, 1996, but denied by the Commissioner after July 30, 1996.  The Commissioner took the position that the Court lacked jurisdiction to review the denial of the request for abatement in question because the request had been filed prior to July 31, 1996.  In rejecting the Commissioner's position, we concluded that section 302(b) of TBOR 2, which establishes the effective date of section 6404(g), allows the Court to exercise its jurisdiction with respect to requests for abatement of interest pending on July 31, 1996.  We concluded that the Commissioner's interpretation of the provision

was overly restrictive and inconsistent with Congress' intent "to provide for increased protections of taxpayer rights in complying with the Internal Revenue Code and in dealing with the Internal Revenue Service (IRS) in its administration of the tax laws."  H. Rept. 104-506, at 22 (1996).  Banat v. Commissioner, supra at 95. But cf. White v. Commissioner, 109 T.C. 96 (1997) (the Court lacks jurisdiction to review a request for abatement of interest that was both filed and denied prior to July 31, 1996).

Consistent with our holding in Banat v. Commissioner, supra, we reject respondent's contention that we lack jurisdiction to review the denial of petitioners' requests for abatement.  In particular, there is no dispute that petitioners' requests for abatement were pending on July 31, 1996.  Further, on November 13, 1996, respondent issued a notice of disallowance to petitioners that constitutes a final determination to partially deny petitioners' requests for abatement pursuant to section 6404(e).  In light of petitioners' timely petition for review, we hold that petitioners properly invoked the Court's jurisdiction pursuant to section 6404(g).  See Rule 280(b)(2).

We now turn to respondent's Motion for Partial Summary Judgment that petitioners are not entitled to abatement of interest for the taxable year 1978 on the ground that respondent lacks authority to abate interest for that year.

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. Florida Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). Summary judgment may be granted with respect to all or any part of the legal issues in controversy "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); Zaentz v. Commissioner, 90 T.C. 753, 754 (1988); Naftel v. Commissioner, 85 T.C. 527, 529 (1985). The moving party bears the burden of proving that there is no genuine issue of material fact, and factual inferences will be read in a manner most favorable to the party opposing summary judgment. Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982).

Petitioners' requests for abatement of interest are based upon section 6404(e)(1) which provides authority for the Commissioner to abate the assessment of interest and deficiency attributable to errors and delays by an officer or employee of the Internal Revenue Service in performing a ministerial act.[4]

---

[4] Although not at issue here, we observe that sec. 6404(d) and (e)(2) also provides authority for the Commissioner to abate assessments of interest. Sec. 6404(d) applies where the

Section 6404(e) was enacted under the Tax Reform Act of 1986, Pub. L. 99-514, sec. 1563(a), 100 Stat. 2085, 2762, and applies to interest accruing with respect to deficiencies or payments for tax years beginning after December 31, 1978.  See Tax Reform Act of 1986, Pub. L. 99-514, sec. 1563(b), 100 Stat. 2085, 2762.

Petitioners object to respondent's Motion for Partial Summary Judgment on the ground that the assessment for interest for the taxable year 1978 is attributable to the disallowance of net operating losses arising in 1980 and 1981 that petitioners carried back to the taxable year 1978.

Based upon our review of section 6404(e), we hold that respondent lacks the authority to grant a request for abatement of interest for the taxable year 1978.  Although the deficiency that respondent assessed against petitioners for the taxable year 1978 is attributable to the disallowance of net operating losses for later years, it nevertheless is clear that the interest in question, which is computed from the due date of petitioners' tax return for 1978, is attributable to tax due for the 1978 taxable year.  See Bankamerica v. Commissioner, 109 T.C. 1 (1997); Fluor

---

assessment is attributable in whole or in part to a mathematical error if the return was prepared by an officer or employee of the Internal Revenue Service acting in his official capacity to provide assistance to taxpayers in the preparation of income tax returns, and sec. 6404(e)(2) applies with respect to the assessment of interest on an erroneous refund of $50,000 or less where the taxpayer has not caused the erroneous refund.

<u>Corp. v. United States</u>, ___ F.3d ___ (Fed. Cir. 1997), and cases discussed therein.

We are obliged to apply the law as written. Because section 6404(e) does not grant authority to the Commissioner to abate interest accruing on deficiencies for tax years beginning before January 1, 1979, we decline to graft on to the provision an exception for interest assessed as the result of the disallowance of the carryback of net operating losses to the 1978 taxable year. Consequently, we shall grant respondent's Motion for Partial Summary Judgment.

To reflect the foregoing,

<u>An order will be issued denying respondent's Motion to Dismiss for Lack of Jurisdiction and granting respondent's Motion for Partial Summary Judgment</u>.