109 T.C. No. 3


UNITED STATES TAX COURT


ROBERT AND MARIE BANAT, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 2237-97.                    Filed August 5, 1997.


        H submitted requests for abatement of interest to
the Internal Revenue Service prior to July 30, 1996,
the date of enactment of sec. 6404(g), I.R.C.  After
July 30, 1996, R sent to H a notice of final
disallowance of abatement of interest pursuant to
sec. 6404(g).  H and W filed a petition for review of
the failure to abate interest.  R filed a motion to
dismiss for lack of jurisdiction as to H on the ground
that the request for abatement of interest was
submitted prior to the effective date of sec. 6404(g)
and as to W on the ground that no notice of final
disallowance of abatement of interest was mailed to
her.

        <u>Held</u>:  We have jurisdiction to review the denial
of H's request for abatement of interest, but we lack
jurisdiction as to W.


Robert and Marie Banat, pro se.

Thomas J. Kerrigan, for respondent.

## OPINION

COHEN, <u>Chief Judge</u>:  This case is before us on respondent's Motion to Dismiss for Lack of Jurisdiction.  The issue is whether the Court has jurisdiction pursuant to section 6404(g) to consider petitioners' claims seeking abatement of interest.  Unless otherwise indicated, all section references are to the Internal Revenue Code in effect at the time the petition was filed, and all Rule references are to the Tax Court Rules of Practice and Procedure.  The resolution of this issue turns on the effective date of section 6404(g).

## Background

Petitioners are husband and wife who resided in Brooklyn, New York, at the time the petition was filed.

On August 13, 1995, petitioner Robert Banat submitted requests for abatement of interest to the Internal Revenue Service (IRS) pursuant to section 6404(e) for the taxable years 1985 through 1987.  The requests were submitted on Forms 843, Claims for Refund and Request for Abatement, and were signed by petitioner Robert Banat only.  All requests were disallowed by the IRS Associate Chief, New York City Appeals Office, by issuance of a Notice of Disallowance (Notice) dated November 8, 1996.  The Notice is addressed to petitioner Robert Banat only and states as follows:

This is your NOTICE OF DISALLOWANCE as required by law.

We are disallowing your claim for abatement of interest, under Section 6404(e)(1) of the Internal Revenue Code, for the reason(s) stated below:

We did not find any errors or delays relating to the performance of a ministerial act.

If you disagree with our denial of your abatement of interest claim, and you meet the eligibility requirements described below, you may request review of our denial in the Tax Court. Your request for Tax Court review must be received by the Tax Court within 180 days of the date of this disallowance notice.

Petitioners filed their petition on February 5, 1997, which date is 89 days after the mailing of the Notice of Disallowance.

On April 18, 1997, respondent filed a Motion to Dismiss for Lack of Jurisdiction. Therein respondent seeks dismissal as to petitioner Robert Banat on the ground that his requests for abatement of interest were submitted prior to the effective date of section 6404(g). With respect to petitioner Marie Banat, respondent seeks dismissal on the ground that she has not filed requests for abatement of interest for the taxable years in issue and no notice of final determination was mailed to her.

## Discussion

This case presents an issue of first impression concerning the effective date of section 6404(g), added by section 302(a) of the Taxpayer Bill of Rights 2 (TBOR 2), Pub. L. 104-168, 110 Stat. 1452, 1457 (1996). Section 6404(g) authorizes us to review denials by the Commissioner of requests for abatement of interest

under section 6404. Section 6404(g) provides, in pertinent part, as follows:

> (g) Review of Denial of Request for Abatement of Interest.--
>
>> (1) In General.--The Tax Court shall have jurisdiction over any action brought by a taxpayer who meets the requirements referred to in section 7430(c)(4)(A)(ii) to determine whether the Secretary's failure to abate interest under this section was an abuse of discretion, and may order an abatement, if such action is brought within 180 days after the date of the mailing of the Secretary's final determination not to abate such interest.

TBOR 2 section 302(b) provides that section 6404(g) applies "to requests for abatement after the date of the enactment of this Act." TBOR 2 was enacted on July 30, 1996.

Respondent's position in this case is that we lack jurisdiction to review the denial of petitioner Robert Banat's requests for abatement of interest because the requests were submitted prior to July 31, 1996. Petitioners object on the basis that they were issued a notice of final determination that specifically authorizes the filing of a petition with this Court.

This Court is a court of limited jurisdiction and may exercise jurisdiction only to the extent expressly provided by statute. Breman v. Commissioner, 66 T.C. 61, 66 (1976). As such, we must decide whether TBOR 2 section 302 confers jurisdiction to review the denial of the requests for abatement of interest in this case.

As provided by TBOR 2 section 302, our jurisdiction applies to requests for abatement of interest after July 30, 1996. According to respondent, TBOR 2 section 302 precludes judicial review of all requests for abatement of interest submitted to the IRS prior to July 31, 1996. With respect to requests made and denied prior to July 31, 1996, we agree. See White v. Commissioner, 109 T.C. ___ (Aug. 5, 1997).

We decline, however, to interpret the effective date provision to preclude jurisdiction with respect to requests for abatement of interest pending with the IRS on July 31, 1996. TBOR 2 is intended by the Congress "to provide for increased protections of taxpayer rights in complying with the Internal Revenue Code and in dealing with the Internal Revenue Service (IRS) in its administration of the tax laws." H. Rept. 104-506, at 22 (1996). It would be inconsistent with that intent to interpret the effective date language in a manner that would deny judicial review to taxpayers whose requests are continuing, considered, and denied after the date of enactment. In our view, the denial of a request that is pending with the IRS after July 30, 1996, may be the subject of review under section 6404(g).

In this case, petitioner Robert Banat's requests for abatement of interest were pending on July 31, 1996, and denied on November 8, 1996. Respondent issued a "Notice of Disallowance" that constituted a final determination not to abate interest pursuant to section 6404(e), and a timely petition was

filed.  Accordingly, we hold that we have jurisdiction to review respondent's denial of petitioner Robert Banat's requests for abatement of interest.  Sec. 6404(g); Rule 280(b)(2).

With respect to petitioner Marie Banat, no request for abatement of interest was ever made to the IRS and no notice of final determination not to abate interest pursuant to section 6404(e) was issued.  In a case seeking the review of the failure to abate interest, jurisdiction in this Court depends, in part, upon the issuance of a valid notice of final determination not to abate interest.  Sec. 6404(g)(1); Rule 280(b)(1).  Because no notice of final determination denying a request for abatement of interest was issued to petitioner Marie Banat, we hold that we lack jurisdiction insofar as this case pertains to her.

To reflect the foregoing,

<u>An appropriate order will be issued</u>.