109 T.C. No. 4


UNITED STATES TAX COURT


MARVIN L. WHITE AND PHYLLIS WHITE, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 20635-96.                    Filed August 5, 1997.


     Ps submitted requests for abatement of interest to
the IRS, which were denied prior to July 30, 1996, the
date of enactment of sec. 6404(g), I.R.C.  Ps now seek
review of the failure to abate interest pursuant to
sec. 6404(g).

     Held:  We lack jurisdiction to review the denial
of Ps' requests for abatement of interest.


Robert L. White, for petitioners.

Christal Hillstead, for respondent.


OPINION

COHEN, Chief Judge:  This case is before us on respondent's

Motion to Dismiss for Lack of Jurisdiction.  The issue is whether

the Court has jurisdiction pursuant to section 6404(g) to review respondent's determination denying petitioners' claims for abatement of interest. The resolution of this issue turns on the effective date of section 6404(g). Unless otherwise indicated, all section references are to the Internal Revenue Code in effect at the time the petition was filed.

## Background

Petitioners are husband and wife who resided in Wenatchee, Washington, at the time the petition was filed.

Following the conclusion of deficiency proceedings, on December 17, 1992, respondent made assessments of deficiencies and additions to tax for the taxable years 1979 through 1984. Petitioners paid $387,429.58, on April 8, 1993, which represented a payment of the assessments indicated as due on their 1979 through 1984 accounts as calculated by a revenue officer who was assigned for collection. It was subsequently determined that additional interest was due. Petitioners contacted an Internal Revenue Service Problem Resolution Office and, on February 25, 1994, that office sent a letter to petitioners that included a computation of interest to March 14, 1994. These computations omitted computations of interest accruing from April 8, 1993, to March 14, 1994.

On December 26, 1994, petitioners filed claims with the Fresno Service Center requesting abatement of interest for the taxable years 1979 through 1984. The Fresno Service Center sent

a letter to petitioners denying abatement of the total amount of interest requested in petitioners' claims but in the letter stated that no interest would be charged for the period from March 24, 1993, to March 14, 1994. This letter also advised petitioners of their right to appeal the Service Center's determination to an Internal Revenue Service Appeals Office. Petitioners exercised their appeal rights.

On January 26, 1996, a final determination letter was issued by the Appeals Office stating that petitioners' claims for abatement of interest for the taxable years 1979 through 1984 were disallowed except that interest was abated for the period from March 24, 1993, to March 14, 1994. Shortly thereafter, a computation of the amounts of unabated interest was made by a revenue officer on March 28, 1996, pursuant to petitioners' request.

On September 23, 1996, petitioners filed the petition commencing this case. Therein petitioners request that the Court abate the interest assessed for the taxable years 1980, 1981, and 1983. Attached to the petition is a copy of the revenue officer's letter dated March 28, 1996, including an interest computation. Other attachments include a second letter from a revenue officer dated May 16, 1996, and a letter from an Appeals officer dated November 30, 1995. All of the attachments concern the computation of interest and provide explanations of the amounts of interest previously assessed for the taxable years

1979 through 1984, including the amounts abated for the period from March 24, 1993, to March 14, 1994.

On November 20, 1996, respondent moved to dismiss this case on the ground that petitioners' requests for abatement of interest were submitted to the Internal Revenue Service (IRS) prior to July 31, 1996, and, alternatively, on the ground that the petition was not timely filed within the time prescribed by section 6404(g).

### Discussion

The issue for decision is whether the Court has jurisdiction to review the denial of petitioners' requests for abatement of interest. Resolution of the issue turns on the effective date of section 6404(g), added by section 302(a) of the Taxpayer Bill of Rights 2 (TBOR 2), Pub. L. 104-168, 110 Stat. 1452, 1457 (1996). Section 6404(g) authorizes actions in this Court for review of respondent's denial of a request for abatement of interest under section 6404. That section provides, in pertinent part, as follows:

> (g) Review of Denial of Request for Abatement of Interest.--
>
> (1) In General.--The Tax Court shall have jurisdiction over any action brought by a taxpayer who meets the requirements referred to in section 7430(c)(4)(A)(ii) to determine whether the Secretary's failure to abate interest under this section was an abuse of discretion, and may order an abatement, if such action is brought within 180 days after the date of the mailing of the Secretary's final determination not to abate such interest.

Section 302(b) of TBOR 2 provides that section 6404(g) "applies to requests for abatement after the date of the enactment of this Act." TBOR 2 was enacted on July 30, 1996.

Respondent contends that we lack jurisdiction in this case because petitioners submitted their requests for abatement prior to July 31, 1996. According to respondent, the effective date provision of TBOR 2 section 302(b) provides that jurisdiction is only applicable to requests for abatement that are submitted after July 30, 1996. Alternatively, respondent contends that we lack jurisdiction on the ground that the petition was not timely filed within 180 days of the mailing of the final notice disallowing petitioners' claim for abatement of interest.

Petitioners' primary position is that their requests for abatement of interest are continuous and ongoing and that their petition, itself, is a further request for abatement. In addition, they contend that the petition was timely filed within 180 days from the mailing of the final determination by the Commissioner not to abate interest. Finally, petitioners submit that they are entitled to make subsequent requests for abatement of interest "for the purposes of qualifying as a request for abatement made after July 30, 1996."

In Banat v. Commissioner, 109 T.C. ___ (Aug. 5, 1997), we considered the question of the Court's jurisdiction to review the Commissioner's denial of a request for abatement of interest where the request was filed prior to July 31, 1996, but denied

after July 30, 1996.  In that case, we concluded that TBOR 2 section 302(b), which establishes the effective date of section 6404(g), does not preclude the consideration of requests for abatement of interest pending on July 31, 1996.  In reaching that conclusion, we rejected the Commissioner's position that the Court lacks jurisdiction to review the Commissioner's denial of requests for abatement of interest that were filed with the IRS prior to July 31, 1996, in situations where the requests are continuing, considered, and denied after the date of enactment of TBOR 2.

This case, unlike Banat v. Commissioner, supra, does not involve a request for abatement of interest pending after July 30, 1996; rather, petitioners' requests for abatement were made and denied prior to July 31, 1996.  Consistent with our holding in Banat, we conclude that section 6404(g) is not applicable to requests for abatement made and denied prior to the date of the enactment of TBOR 2.  Accordingly, we hold that we lack jurisdiction to review the denial of petitioners' requests for abatement.

In reaching this conclusion, we have considered petitioners' arguments that their requests for abatement of interest are "continuing and ongoing"; that the petition, itself, is a request for abatement of interest; and that they may resubmit their requests for abatement of interest in order to qualify as "requests for abatement after the date of the enactment".  These

arguments are to no avail. As pointed out on numerous occasions, the jurisdiction of this Court is strictly limited by statute, and we may not enlarge upon that statutory jurisdiction. <u>Breman v. Commissioner</u>, 66 T.C. 61, 66 (1976). Our statutory authority pursuant to section 6404(g) is to decide whether the Commissioner's final determination not to abate interest was an abuse of discretion, and that section does not authorize us independently to receive and consider requests for abatement of interest. Further, future requests for abatement of interest which petitioners may or may not file with the IRS have no bearing on our jurisdiction in this proceeding.

Because petitioners' requests for abatement of interest were made and denied prior to the enactment of section 6404(g), there is no applicable 180-day period.

To reflect the foregoing,

<u>An order of dismissal for lack of jurisdiction will be entered</u>.