112 T.C. No. 12


UNITED STATES TAX COURT


ROBERT AND LINDA YUEN, Petitioners $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 16025-98.                    Filed March 19, 1999.


On Sept. 19, 1995, Ps filed a request for
abatement of interest with R for the taxable year 1990.
On Mar. 8, 1996, R notified Ps that their request for
abatement of interest was denied.  On Jan. 16, 1998, Ps
resubmitted to R a request for abatement of interest
for the taxable year 1990, presenting the same claim
and basis for relief as their original request.  On
Apr. 1, 1998, R informed Ps that R had "rejected" Ps'
attempt to resubmit their request for abatement of
interest on the ground that R had considered and denied
the request on Mar. 8, 1996.  On Sept. 24, 1998, Ps
filed a petition with the Court seeking a review of R's
denial of their request for abatement of interest
pursuant to sec. 6404(g) I.R.C. R moved to dismiss the
petition for lack of jurisdiction.

Held:  The Court lacks jurisdiction under I.R.C.
sec. 6404(g) to review a request for abatement of
interest that was filed by the taxpayer and denied by

the Commissioner prior to the effective date of sec.
6404(g) I.R.C.  See <u>White v. Commissioner</u>, 109 T.C. 96,
99 (1997).  <u>Held further</u>:  Because Ps' original request
for abatement of interest for 1990 was filed and denied
prior to the effective date of sec. 6404(g) I.R.C., Ps'
resubmission of their request for abatement of interest
on Jan. 16, 1998, does not provide a basis for Ps to
invoke the Court's jurisdiction pursuant to sec.
6404(g) I.R.C.


Robert and Linda Yuen, pro sese.

<u>Laurel M. Robinson</u> and <u>Wendy Abkin</u>, for respondent.


OPINION

COHEN, <u>Chief Judge</u>:  This case was assigned to Chief Special
Trial Judge Peter J. Panuthos pursuant to section 7443A(b)(4) and
Rules 180, 181, and 183.[1]  The Court agrees with and adopts the
opinion of the Special Trial Judge, which is set forth below.

OPINION OF THE SPECIAL TRIAL JUDGE

PANUTHOS, <u>Chief Special Trial Judge</u>:  This matter is before
the Court on respondent's Motion to Dismiss for Lack of
Jurisdiction.  Respondent contends that the Court lacks
jurisdiction under section 6404(g) to consider the petition filed
in this case.  As explained in greater detail below, we shall
grant respondent's motion.

---

[1]  Section references are to the Internal Revenue Code, as
amended.  Rule references are to the Tax Court Rules of Practice
and Procedure.

Background

On May 9, 1994, Robert and Linda Yuen (petitioners) filed a petition for redetermination with the Court (assigned docket No. 7495-94S) contesting a notice of deficiency that respondent had issued to petitioners for 1990. On March 15, 1995, the Court entered a stipulated decision in docket No. 7495-94S, which stated that petitioners are liable for a deficiency in income tax for 1990 in the amount of $6,821 and that petitioners are not liable for the accuracy-related penalty under section 6662. The stipulated decision further stated that petitioners agreed to waive the restrictions that normally would prohibit the assessment and collection of the deficiency and statutory interest until the decision of the Tax Court was final.

On or about September 19, 1995, petitioners filed with respondent a Form 843, Claim for Refund and Request for Abatement, requesting that respondent abate interest for the taxable year 1990 in the amount of $2,453.69. Petitioners asserted in their request that the "IRS had conceded its errors during 1-18-95 meeting" and that petitioners' liability for interest for 1990 had been compromised as part of the negotiations leading to the entry of the stipulated decision in docket No. 7495-94S. Petitioners further asserted that respondent had acknowledged that the stipulated decision in docket No. 7495-94S represented a compromise of petitioners'

entire tax liability for 1990 when respondent accepted petitioners' payment by check which contained the statement "compromise settlement in full".

On or about October 23, 1995, respondent's Ogden Service Center sent a letter to petitioners stating that petitioners' request for abatement of interest for 1990 had been denied on the ground that petitioners had failed to show that the interest owing was attributable to an error or delay caused by an Internal Revenue Service (IRS) employee performing a ministerial act. The letter further stated that the decision entered in petitioners' Tax Court case indicated that statutory interest would be assessed.

On or about November 8, 1995, petitioners filed a protest of the denial of their request for abatement of interest with respondent's Fresno Appeals Office. Petitioners' protest repeated the allegations contained in petitioners' Form 843 dated September 19, 1995. On March 8, 1996, the Fresno Appeals Office issued a detailed, three-page letter denying petitioners' interest abatement request in full. Appeals Officer Paul Sivick was listed as the contact person in the March 8, 1996, letter.

On May 12, 1997, respondent received a second Form 843 from petitioners dated May 8, 1995. (There is no explanation in the record for the 2-year lapse between the date the Form 843 was purportedly signed and the date that respondent received it.) An

internal document from the IRS dated July 29, 1997, indicates that petitioners' interest abatement claim had previously been filed and denied and that no further claims would be considered. On August 27, 1997, petitioners wrote to respondent seeking to appeal the disallowance of their interest abatement claim. In a response dated December 10, 1997, John Tagliamento, Chief of the Joint Compliance Branch in Fresno, informed petitioners that their request for abatement of interest had been disallowed and that petitioners would have to pay the interest and seek a refund in the Federal District Court or the Court of Federal Claims. However, a little more than a week later, Jerry Li, an IRS employee with the San Francisco Appeals Office, wrote to petitioners in response to an earlier telephone call. Mr. Li informed petitioners that their request for abatement of interest had been disallowed by Appeals Officer Sivick on March 8, 1996, and that the Tax Court had jurisdiction to review such matters. Mr. Li enclosed with his letter a sample of a final determination letter disallowing a request for abatement of interest, inquired whether petitioners had received such a letter, and provided petitioners with the Court's address so they could request a form petition.

On January 27, 1998, respondent's Fresno Appeals Office received a third Form 843 from petitioners dated January 16,

1998.  On April 1, 1998, Appeals Officer Sivick wrote a letter to
petitioners which states in pertinent part:

> I have been told by my National Office Liaison that I
> am to reject your Form 843 Claim for abatement of
> interest under Code Section 6404(e)(1).  Back in 1996 I
> considered a previous request for abatement of interest
> and I made the decision that no interest should be
> abated.  It is the Service's position that claims
> denied prior to the enactment of the provisions of the
> Taxpayer's Bill of Rights 2 (July 30, 1996) will not be
> given the opportunity to re-file their claims in an
> attempt to petition the United States Tax Court.
>
> Therefore this letter does not qualify as a Final
> Determination Letter as I am merely notifying you that
> your Form 843 is being rejected rather than denied
> since you have already had the merits of your case
> considered under the provisions of law in effect at the
> time your claim was considered.

All of the Forms 843 that petitioners submitted to
respondent refer to the tax period as January 1 through December
31, 1990.  All of the Forms 843 present the same claim, that the
settlement of docket no. 7495-94S, which concerned a deficiency
for the taxable year 1990, included a compromise of all taxes and
interest.  The Form 843 submitted on January 27, 1998, seeks an
abatement of $3,051.90, in contrast to the original abatement
request which sought an abatement of  $2,453.69.  We assume that
the difference is the continual accrual of interest during the
intervening period.

On September 24, 1998, petitioners filed a petition in the
instant case seeking review of respondent's denial of their

request for abatement of interest.  At the time the petition was filed, petitioners resided in San Francisco, California.

In response to the petition, respondent filed a Motion to Dismiss for Lack of Jurisdiction on the ground that petitioners' request for abatement of interest was filed and denied prior to the effective date of section 6404(g).  Petitioners filed an objection to respondent's motion to dismiss asserting that their petition is valid inasmuch as petitioners resubmitted their request for abatement of interest to respondent after the effective date of section 6404(g).

Discussion

The question presented is whether the Court has jurisdiction pursuant to section 6404(g) to review respondent's rejection or denial of petitioners' request for abatement of interest for 1990.  The Tax Court is a court of limited jurisdiction, and we may exercise our jurisdiction only to the extent authorized by Congress.  Naftel v. Commissioner, 85 T.C. 527, 529 (1985).

Section 6404(g), codified under section 302(a) of the Taxpayer Bill of Rights 2 (TBOR 2), Pub. L. 104-168, 110 Stat. 1452, 1457, provides in pertinent part as follows:

> (g) Review of Denial of Request for Abatement of Interest.--
>
> > (1) In general.--The Tax Court shall have jurisdiction over any action brought by a taxpayer who meets the requirements referred to in section 7430(c)(4)(A)(ii) to determine whether the

> Secretary's failure to abate interest under this section was an abuse of discretion, and may order an abatement, if such action is brought within 180 days after the date of the mailing of the Secretary's final determination not to abate such interest.

In sum, the Court is vested with jurisdiction to review the Commissioner's denial of a taxpayer's request for abatement of interest if the taxpayer files a petition with the Court within 180 days after the date that the Commissioner mails to the taxpayer a valid final determination not to abate interest. See sec. 6404(g)(1); Rule 280(b)(1); <u>Banat v. Commissioner</u>, 109 T.C. 92, 95 (1997).

Section 302(b) of TBOR 2, 110 Stat. 1458, provides that section 6404(g) applies "to requests for abatement after the date of the enactment of this Act." TBOR 2 was enacted on July 30, 1996.

The legislative history underlying section 6404(g) is contained in H. Rept. 104-506, at 28 (1996), 1996-3 C.B. 49, 76, which states:

> <u>Present law</u>
>
> Federal courts generally do not have the jurisdiction to review the IRS's failure to abate interest.
>
> <u>Reasons for change</u>
>
> The Committee believes that it is appropriate for the Tax Court to have jurisdiction to review IRS's

failure to abate interest with respect to certain taxpayers.

### Explanation of provision

The bill grants the Tax Court jurisdiction to determine whether the IRS's failure to abate interest for an eligible taxpayer was an abuse of discretion. The Tax Court may order an abatement of interest. The action must be brought within 180 days after the date of mailing of the Secretary's final determination not to abate interest. An eligible taxpayer must meet the net worth and size requirements imposed with respect to awards of attorney's fees. No inference is intended as to whether under present law any court has jurisdiction to review IRS's failure to abate interest.

### Effective date

The provision applies to requests for abatement after the date of enactment.

The Commissioner's authority to abate interest assessments attributable to errors and delays by an officer or employee of the IRS originated with the enactment of section 6404(e) under the Tax Reform Act of 1986 (TRA 1986), Pub. L. 99-514, sec. 1563(a), 100 Stat. 2085, 2762. The Commissioner is authorized to abate interest accruing with respect to deficiencies or payments for tax years beginning after December 31, 1978. See TRA 1986, sec. 1563(b), 100 Stat. 2762.

Respondent maintains that we lack jurisdiction under section 6404(g) to review the rejection or denial of petitioners' request for abatement of interest for 1990 on the ground that petitioners' original request for abatement of interest was filed and denied prior to July 31, 1996--before section 6404(g) went into effect. Petitioners counter that the resubmission of their

request for abatement of interest to respondent on January 16, 1998, and denial or rejection on April 1, 1998, provides a basis for petitioners to invoke the Court's jurisdiction pursuant to section 6404(g), notwithstanding that their original request for abatement of interest was denied by respondent prior to July 31, 1996.

This case presents an issue concerning the Court's jurisdiction under section 6404(g).  Although we have not had the opportunity to consider the specific question presented in this case, we have analyzed the impact of the effective date of section 6404(g) on the Court's jurisdiction under slightly different circumstances.

In Banat v. Commissioner, supra at 94-95, we held that the taxpayer had properly invoked the Court's jurisdiction pursuant to section 6404(g) with respect to a request for abatement of interest filed with the Commissioner prior to the effective date of section 6404(g) but denied by the Commissioner after the effective date of the provision.  See Goettee v. Commissioner, T.C. Memo. 1997-454.  On the other hand, in White v. Commissioner, 109 T.C. 96, 99 (1997), we held that the Court lacked jurisdiction pursuant to section 6404(g) to review the Commissioner's denial of a request for abatement of interest where the request was filed and denied prior to the effective date of section 6404(g).  In White v. Commissioner, supra at 99-

100, we declined to consider the taxpayers' argument that they could resubmit their request for abatement of interest after July 30, 1996, and thereby qualify to invoke the Court's jurisdiction under section 6404(g).

In sum, the Court has concluded that section 302(b) of TBOR 2, 110 Stat. 1458, which provides that section 6404(g) applies "to requests for abatement after the date of the enactment of this Act", limits the Court's jurisdiction to the review of the denial of requests for abatement of interest where the denial occurs after July 30, 1996. See White v. Commissioner, supra; Banat v. Commissioner, supra.

Consistent with White v. Commissioner, supra, and Banat v. Commissioner, supra, the Court lacks jurisdiction to review respondent's March 1996 denial of petitioners' request for abatement of interest filed in September 1995. Moreover, we agree with respondent that petitioners' resubmission of their request for abatement of interest to respondent on January 16, 1998, which presented the same claim and ground for relief as their prior submissions, does not provide a basis for the Court to exercise jurisdiction over the petition filed herein.

Although section 302(b) of TBOR 2 does not expressly address whether a taxpayer may invoke the Court's jurisdiction by resubmitting a previously denied request for abatement of interest after the effective date of section 6404(g), we are not

- 12 -

persuaded that Congress intended for section 6404(g) to confer jurisdiction in these circumstances. Were we to hold otherwise, the effective date provision, like a limitations period, would fail to perform its purpose inasmuch as it could be defeated by the simple expedient of filing in succession duplicative claims. Cf. Trohimovich v. Commissioner, 776 F.2d 873 (9th Cir. 1985); Huettl v. United States, 675 F.2d 239 (9th Cir. 1982). Consequently, we reject petitioners' contention that the resubmission of their request for abatement of interest and the denial or rejection of their claim after the effective date of section 6404(g) provides a basis for the Court to exercise jurisdiction in this case.

The record in this case indicates that some of respondent's agents may have given petitioners erroneous advice respecting their right to file a petition for review with the Court. Assuming for the sake of argument that petitioners were erroneously advised to file the petition herein, erroneous advice does not provide a basis for the Court to exercise jurisdiction over a matter not authorized by statute. See Odend'hal v. Commissioner, 95 T.C. 617, 624 (1990); Kraft v. Commissioner, T.C. Memo. 1997-476.

Respondent presents an alternative argument that the Court lacks jurisdiction on the ground that the April 1, 1998, letter does not constitute a final determination within the meaning of

section 6404(g)(1).  In the April 1, 1998, letter, respondent indicated that he was "rejecting" petitioner's claim and that the letter was not a "denial" and did not constitute a "notice of final determination letter".  Consistent with our holding that the Court lacks jurisdiction over a claim for abatement of interest that has been resubmitted to respondent after having been filed by a taxpayer and denied by respondent prior to the effective date of section 6404(g)(1), we need not decide the question of whether the April 1, 1998, letter constitutes a final determination within the meaning of said provisions.

Consistent with the preceding discussion, we shall grant respondent's Motion to Dismiss for Lack of Jurisdiction.

To reflect the foregoing,

<u>An order will be entered</u>

<u>granting respondent's Motion</u>

<u>to Dismiss for Lack of Jurisdiction.</u>