T.C. Memo. 2000-141


UNITED STATES TAX COURT


ROBERT BANAT, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 2237-97.                      Filed April 14, 2000.


        P filed a petition for a determination that R's
failure to abate interest under sec. 6404(e), I.R.C.,
with respect to petitioner's 1985, 1986, and 1987
taxable years was an abuse of discretion and for an
abatement order.
        <u>Held</u>:  P has not established any erroneous or
dilatory ministerial acts by R giving rise to the
assessment of interest after P was first contacted in
writing about the deficiency and before interest was
assessed.


<u>Hedy P. Forspan</u>, for petitioner.

<u>Thomas J. Kerrigan</u>, for respondent.

MEMORANDUM OPINION

HALPERN, <u>Judge</u>:  This case is before the Court for review of respondent's failure to abate interest.[1]  By notice dated November 8, 1996, respondent made his final determination not to abate interest with respect to petitioner's 1985, 1986, and 1987 taxable (calendar) years.

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect at the time the petition was filed, and all Rule references are to the Tax Court Rules of Practice and Procedure.

At the time the petition was filed, petitioner resided in Brooklyn, New York.

This case was submitted for decision without trial.  See Rule 122.  The parties have agreed to a stipulation of facts (the stipulation).  The stipulation, with attached exhibits, is incorporated herein by this reference.  Certain other exhibits were received into evidence.  We shall not here repeat the stipulation or recite the contents of the other exhibits.  We shall, however, summarize certain facts as an aid to understanding our discussion.

---

[1]  A prior report in this case appears at <u>Banat v. Commissioner</u>, 109 T.C. 92 (1997).

Background

Petitioner filed his Federal income tax returns for 1985, 1986, and 1987 on May 15, 1986, August 16, 1987, and April 15, 1988, respectively.

Petitioner was contacted in writing with respect to a deficiency in his 1985 Federal income tax liability no later than July 22, 1986. He was contacted in writing with respect to a deficiency in his 1986 Federal income tax liability no later than November 1, 1988. He was contacted in writing with respect to a deficiency in his 1987 Federal income tax liability no later than June 13, 1990.

On March 19, 1992, with respect to petitioner's 1985 taxable year, respondent assessed an additional tax of $21,121 and interest of $21,946.11. Also, on March 19, 1992, with respect to petitioner's 1986 taxable year, respondent assessed an additional tax of $6,418 and interest of $5,662.08. On April 5, 1993, with respect to petitioner's 1987 taxable year, respondent assessed an additional tax of $8,715 and interest of $6,617.74.

On August 13, 1995, petitioner submitted three Forms 843, Claim for Refund and Request for Abatement (the Forms 843), to respondent, one each for his taxable years 1985, 1986, and 1987 each claiming an abatement of interest. None of the Forms 843 specifies the amount of interest to be abated or the period during which the interest to be abated accrued. Respondent

treated the Forms 843 as claims for abatement of interest as follows:

### Claims for Abatement of Interest

| Taxable Year of Deficiency | Interest Accrual Period | Amount |
|---|---|---|
| 1985 | 4/15/86 to 3/19/92 | $21,946 |
| 1986 | 4/15/87 to 3/19/92 | 5,662 |
| 1987 | 4/15/88 to 4/05/93 | 6,618 |

On November 8, 1996, respondent made his final determination not to abate interest with respect to petitioner's 1985, 1986, and 1987 taxable (calendar) years.

The petition was filed on February 5, 1997.

Discussion

In certain circumstances, the Secretary is authorized to abate interest. Section 6404(e)(1), prior to its amendment by the Taxpayer Bill of Rights 2 (TBOR 2), Pub. L. 104-168, sec. 301, 110 Stat. 1452, 1457 (1996), read as follows:

> SEC. 6404(e). Assessments of Interest Attributable to Errors and Delays by Internal Revenue Service.--
>
> (1) In general.--In the case of any assessment of interest on--
>
> (A) any deficiency attributable in whole or in part to any error or delay by an officer or employee of the Internal Revenue Service (acting in his official capacity) in performing a ministerial act, or
>
> (B) any payment of any tax described in section 6212(a) to the extent that any * * * error or delay in such payment is attributable to such officer or employee being erroneous or dilatory in performing a ministerial act,

the Secretary may abate the assessment of all or any part of such interest for any period.  For purposes of the preceding sentence, an error or delay shall be taken into account only if no significant aspect of such error or delay can be attributed to the taxpayer involved, and after the Internal Revenue Service has contacted the taxpayer in writing with respect to such deficiency or payment.

Among the amendments made to section 6404(e)(1) by the TBOR 2 was the replacement in paragraph (1)(A) and (B) of the expression "in performing a ministerial act" with the expression "in performing a ministerial or managerial act".  TBOR 2 sec. 301(a)(2).  (Emphasis added).  That amendment, however, applies only to interest accruing with respect to deficiencies or payments for tax years beginning after July 30, 1996.  See TBOR 2 sec. 301(c).  It is inapplicable to this case; therefore, the Secretary's authority to abate interest in this case is limited to interest on any deficiency attributable in whole or in part to any error or delay by any officer or employee of the Internal Revenue Service (the Service) in performing a ministerial act.  See Woodral v. Commissioner, 112 T.C. 19, 25 n.8 (1999).

Section 6404(g)[2] authorizes this Court to determine whether the Secretary's failure to abate interest under section

---

[2]  Sec. 6404(g) is now sec. 6404(i).

6404(e)(1) was an abuse of discretion and, if the Court so determines, to order an abatement.[3]

Under section 6404(e)(1)(A), the Secretary has no authority to abate an assessment of interest on a deficiency unless that assessment is attributable in whole or in part to some error or delay by an officer or employee (without distinction, employee) of the Service in performing a ministerial act.  Unless the Secretary has the authority under section 6404(e)(1)(A) to abate an assessment of interest on a deficiency, we have no authority under section 6404(g) to review his failure to abate such interest.  The regulations interpreting section 6404(e) define the term "ministerial act" as "a procedural or mechanical act that does not involve the exercise of judgment or discretion, and that occurs during the processing of a taxpayer's case after all

---

[3]  In pertinent part, sec. 6404(g) provides:

SEC. 6404(g).  Review of Denial of Request for Abatement of Interest.--

(1)  In general.  The Tax Court shall have jurisdiction over any action brought by a taxpayer who meets the requirements referred to in section 7430(c)(4)(A)(ii) to determine whether the Secretary's failure to abate interest under this section was an abuse of discretion, and may order an abatement, if such action is brought within 180 days after the date of the mailing of the Secretary's final determination not to abate such interest.

Petitioner meets the requirements of sec. 7430(c)(4)(A)(ii), and the action was timely brought.

prerequisites to the act, such as conferences and review by supervisors, have taken place." Sec. 301.6404-2T(b)(1), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 30163 (Aug. 13, 1987).[4] Therefore, as a prerequisite to our reviewing the Commissioner's failure to abate an assessment of interest on a deficiency, the taxpayer must show that such assessment is attributable to some error or delay by an employee of the Service in performing a ministerial act. See sec. 6401(e)(1). Moreover, pursuant to the specific language of the last sentence of section 6404(e)(1), any such error or delay must be disregarded unless it occurred <u>after</u> the taxpayer was first contacted in writing about the deficiency. Since, with respect to the assessment of interest on a deficiency, the Secretary's authority is to abate the portion of the interest assessment <u>attributable</u> to such error or delay, the error or delay must, of necessity, occur <u>before</u> the assessment of the interest on the deficiency. See sec. 6404(e)(1). Therefore, for each taxable year for which the taxpayer claims the Commissioner abused his discretion in failing to abate the assessment of interest on a deficiency, the taxpayer must show not only the assessment of interest attributable to

---

[4] The final regulation under sec. 6404, as issued on Dec. 18, 1998, contains the same definition of ministerial act. The final regulation generally applies to interest accruing on deficiencies or payments of tax for taxable years beginning after July 30, 1996. See sec. 301.6404-2(b)(2), Proced. & Admin. Regs.

some error or delay of an employee in performing a ministerial act but also that such error or delay occurred <u>after</u> the taxpayer was first contacted in writing about the deficiency and <u>before</u> the interest was assessed.  Petitioner has not made that preliminary showing for any of the years here in question.[5]

Petitioner's brief contains a statement of facts that reiterates the stipulation.  Petitioner has failed to establish concrete incidences of error or delay in performing ministerial acts that gave rise to any assessment of interest.  Petitioner argues that the length of time from the start of respondent's examination of 1985 until the conclusion of respondent's examination of 1985, 1986, and 1987 automatically establishes that there was an erroneous or dilatory ministerial act or acts. We disagree.  See <u>Lee v. Commissioner</u>, 113 T.C. 145, 150 (1999) ("The mere passage of time in the litigation phase of a tax dispute does not establish error or delay by the Commissioner in performing a ministerial act.").  The length of time required by petitioner's case was largely a function of the expansion of

---

[5]  For each of the taxable years in question, the relevant periods during which petitioner must show error or delay in performing a ministerial act (i.e., the period from first written contact to assessment of the interest) are as follows:

| Taxable Year | Period |
| --- | --- |
| 1985 | 7/22/86 to 3/19/92 |
| 1986 | 11/01/88 to 3/19/92 |
| 1987 | 6/13/88 to 4/05/93 |

respondent's examination to other years, third-party summonses made necessary by petitioner's difficulties in supplying documentation, respondent's suspicion of civil fraud, and the reopening of the examination at petitioner's request after it was settled in 1992.  None of those actions, which extended the time of the examination, involve ministerial acts by respondent.  See, e.g., Taylor v. Commissioner, 113 T.C. 206 (1999) (the Commissioner's decision not to proceed with civil case during criminal fraud investigation and prosecution was not a ministerial act).

Petitioner points to a misaddressed letter from respondent to one of petitioner's representatives as evidence of an error in performing a ministerial act.  There was no error by respondent; the letter was mailed to an incorrect address provided by petitioner's representative to respondent.  The letter was remailed once respondent determined the correct address.

Since petitioner has not established any erroneous or dilatory ministerial acts, giving rise to the assessment of interest, during the relevant timeframes, we conclude that respondent's failure to abate interest was not an abuse of his discretion.

Decision will be entered

for respondent.