T.C. Memo. 2004-36

UNITED STATES TAX COURT

JASON AND JEANIE HENDERSON, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8029-02L.          Filed February 12, 2004.

Jason and Jeanie Henderson, pro sese.

Caroline R. Krivacka, for respondent.

MEMORANDUM OPINION

VASQUEZ, Judge:  Petitioners filed a petition in response to
respondent's Notices of Determination Concerning Collection
Action(s) Under Section 6320 and/or 6330 (notices of
determination) for 1997 and 1999.[1]  Respondent filed a motion to

_____

[1]  Unless otherwise indicated, all section references are to
the Internal Revenue Code as amended.

dismiss the petition for lack of jurisdiction for the tax year 1997, on the ground that the only liability for 1997 is a frivolous return penalty under section 6702.

Background

At the time the petition was filed, petitioners resided in Little Rock, Arkansas.  Jason Henderson (petitioner) filed a Form 1040, U.S. Individual Income Tax Return, for 1997.  Petitioner checked the box "single" as his filing status.  Petitioner entered zeros on most of the return.  He reported wages, salaries, tips, etc., of zero, total income of zero, adjusted gross income of zero, total income of zero, taxable income of zero, and total tax of zero.  Petitioner reported Federal income tax withholdings of $1,740$^2$ and sought a refund of taxes in that amount.

Attached to the return, petitioner submitted two Forms W-2, Wage and Tax Statement, for 1997.  The first, from "Burns Intl Security Services", indicates that petitioner earned wages, tips, etc., of $17,006 and that Federal income tax of $1,726 was withheld.  The second, from "DFAS", indicates that petitioner earned wages, tips, etc., of $135 and that Federal income tax of $14 was withheld.

Also attached to the return was a two-page typed form containing various tax protester arguments.  Petitioner filled in

---

[2]  All amounts are rounded to the nearest dollar.

his name, $1,740 in withholding, and the year 1997 in the numerous blank spaces on the form.

For 1997, respondent concluded that petitioner had taxable income of $11,041 and owed taxes of $1,654. Respondent imposed a section 6702 frivolous return penalty of $500. Petitioner had $1,740 of income tax withheld. Respondent applied an overpayment credit of $86 (the excess of $1,740 over $1,654) to the section 6702 penalty.

Thereafter, on August 10, 2000, respondent issued petitioner a Final Notice--Notice of Intent to Levy and Notice of Your Right to a Hearing (the notice of intent to levy) for 1997.[3] The type of tax is listed as "CIVPEN". There is an assessed balance of $414 and statutory additions of $64, for a total amount due of $478. The notice of intent to levy is addressed solely to "Jason R Henderson".

On February 25, 2002, petitioners attended a hearing with respondent's Appeals Office with respect to the notices of intent to levy for 1997 and 1999. On April 4, 2002, respondent issued the notices of determination for 1997 and 1999.[4] The 1997 notice of determination is addressed solely to petitioner "Jason R

---

[3] Respondent also issued a notice of intent to levy for 1999. It is not part of the record in this case.

[4] The notice of determination for 1999 is addressed to both "Jason R & Geanie Y Henderson." It indicates that the "Tax Type/Form Number" is for Form 1040 taxes.

Henderson". The salutation on the 1997 notice of determination states: "Dear Mr. & Mrs. Henderson". Under "Tax Type/Form Number" the 1997 notice of determination lists "1040" taxes. The "Tax Type/Form Number" does not list civil penalties or section 6702. Nowhere in the text of the notice of determination are civil penalties or section 6702 mentioned. The 1997 notice states that petitioner's return was processed as a math error under section 6213(b)(1). Aside from listing only "Jason R Henderson" on the mailing address and from using the 1997 date instead of 1999, the wording of the 1997 notice of determination is identical to that of the 1999 notice of determination.

The 1997 notice of determination advised petitioners to "file a petition with the United States Tax Court for a redetermination within 30 days" if petitioners disputed the determination. The notice of determination further stated: "If the court determines that you made your petition to the wrong court, you will have 30 days after such determination to file with the correct court."

On May 1, 2002, petitioner timely filed a petition with the Court. The petition refers to the "determination" dated April 4, 2002.

On June 28, 2002, respondent filed a Motion to Dismiss for Lack of Jurisdiction as to The Taxable Year 1997. Respondent attached to the motion to dismiss a Form 4340, Certificate of

Assessments, Payments, and Other Specified Matters (certificate), for petitioner's 1997 civil penalty account. The certificate, which names only petitioner, shows that a civil penalty under section 6702 was assessed on November 9, 1998, but no additional tax was assessed. It also shows that an overpayment credit of $86 was applied from petitioner's 1997 income tax to his civil penalty account, leaving a balance due of $414.

On July 19, 2002, petitioner and Jeanie Y. Henderson jointly filed a response opposing the motion and seeking a refund of their withholding tax for 1997.

On July 24, 2002, petitioner filed an Amendment to Petition stating he intended to include his wife, Jeanie Henderson, as a party to the action. On July 24, 2002, the Court granted petitioner leave to file the Amendment to Petition.

On August 5, 2002, respondent filed a reply to petitioner's response to the motion to dismiss, maintaining the Court does not have jurisdiction over the section 6702(a) frivolous return penalty.

Pursuant to the Court's order dated August 15, 2002, respondent filed a supplemental reply stating in part "that the notice was not required to be sent to petitioner-wife Jeanie Henderson since the liability was solely that of the petitioner-husband, Jason Henderson."

On January 27, 2003, the Court heard oral argument on the motion.

Discussion

Jurisdiction pursuant to section 6330(d)(1)(A) "is established when there is a written notice that embodies a determination to proceed with the collection of the taxes in issue, and a timely filed petition." Lunsford v. Commissioner, 117 T.C. 159, 164 (2001).

1.   No Jurisdiction Over Underlying Tax Liability

After reviewing the petition and the record, we conclude that the only unpaid tax liability related to petitioner's 1997 tax return at the time of the issuance of the notice of intent to levy for that year was the section 6702 frivolous return penalty. Pursuant to section 6330(d)(1), respondent moves to dismiss the petition as to the tax year 1997 on the basis that we lack jurisdiction to review respondent's assessment of the uncollected section 6702 frivolous return penalty. Section 6330(d)(1) provides the following:

> SEC. 6330(d).  Proceeding After Hearing.--
>
>      (1) Judicial review of determination.--The person may, within 30 days of a determination under this section, appeal such determination--
>
>           (A) to the Tax Court (and the Tax Court shall have jurisdiction with respect to such matter); or
>
>           (B) if the Tax Court does not have jurisdiction of the underlying tax liability, to a district court of the United States.
>
> If a court determines that the appeal was to an incorrect court, a person shall have 30 days after the court determination to file such appeal with the correct court.

The Court is a court of limited jurisdiction, and we may exercise our jurisdiction only to the extent authorized by Congress. Naftel v. Commissioner, 85 T.C. 527, 529 (1985). The Court's jurisdiction to review the Commissioner's determinations respecting collection matters is limited to cases where the underlying tax liability is of a type over which the Court normally has jurisdiction. See Moore v. Commissioner, 114 T.C. 171 (2000). We lack jurisdiction under section 6330(d)(1)(A) to review respondent's determination to collect the frivolous return penalty under section 6702 for 1997. Johnson v. Commissioner, 117 T.C. 204, 208 (2001) (dismissing petition for lack of jurisdiction where the Commissioner assessed only a frivolous return penalty under section 6702); Van Es v. Commissioner, 115 T.C. 324, 329 (2000) ("we do not * * * have jurisdiction to redetermine the frivolous return penalties assessed pursuant to section 6702").

Pursuant to section 6330(d), petitioner has 30 days after the entry of our order to file his appeal with the appropriate U.S. District Court for 1997.

2.  No Decision on Whether Jeanie Henderson Is a Proper Party to This Action

Respondent alleges that the notice for 1997 "was not required to be sent to petitioner-wife Jeanie Henderson since the liability was solely that of the petitioner-husband, Jason Henderson." Petitioners filed an affidavit of record stating that Jeanie Henderson was an intended party to the action.

We will not decide whether Jeanie Henderson should be joined as an appropriate party for 1997 when we lack subject matter jurisdiction over the underlying tax liability.  See <u>Johnson v. Commissioner</u>, <u>supra</u> at 209 (declining to decide whether the hearing requirement under section 6330(b) had been met when the Court lacked subject matter jurisdiction (citing <u>Yuen v. Commissioner</u>, 112 T.C. 123, 130 (1999) (declining to decide whether a final notice of determination under section 6404 was issued when the Court lacked subject matter jurisdiction))).

To reflect the foregoing,

<u>An appropriate order will be</u>

<u>entered</u>.

[REPORTER'S NOTE: THIS OPINION WAS AMENDED BY ORDER DATED AUGUST 10, 2004.]