T.C. Memo. 2010-73

UNITED STATES TAX COURT

THOMAS E. AND DONIENNE C. LARKIN, Petitioners $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 25724-07.                    Filed April 14, 2010.

Thomas E. and Donienne C. Larkin, pro se.

Wesley C. Pierce (specially recognized),[1] for petitioners.

Jeffery D. Rice, for respondent.

---

[1]At trial the Court received an entry of appearance for petitioners by Wesley C. Pierce and allowed him to try the case. Later, the Court determined he was not admitted to the Tax Court bar. Thus, we specially recognize Mr. Pierce.

MEMORANDUM OPINION

GOEKE, Judge:  Respondent denied the Larkins' claim for abatement of interest pursuant to section 6404.[2]  The interest in dispute arises from a 1983 income tax deficiency of $3,374 and an addition to tax under section 6653(a)(1).  The issue for decision is whether respondent's determination not to abate interest was an abuse of discretion.  We hold that it was not.

Background

Some of the facts have been stipulated, and the stipulated facts and accompanying exhibits are incorporated herein by this reference.  At the time they filed their petition, the Larkins resided in California.

On August 16, 1984, the Larkins filed their Form 1040, U.S. Individual Income Tax Return, for the tax year 1983.  On that return, the Larkins claimed a $26,037 ordinary loss related to their investment in California Jojoba Investors (CJI), a partnership.

On April 28, 1988, the Larkins received a letter from respondent informing them that an investigation of CJI had commenced.  At some point in 1988 after receiving the notice, Mrs. Larkin contacted an IRS employee by telephone and asked how much was owed for 1983.  She was told that the amount had not

_____

[2]Unless otherwise indicated, all section references are to the Internal Revenue Code.

been determined. On November 4, 1991, respondent issued a notice of final partnership administrative adjustment (FPAA) to CJI. The FPAA disallowed the partnership's claimed ordinary loss of $442,599.

After receiving the FPAA, Mrs. Larkin again contacted the IRS by telephone and asked how much she and her husband owed for 1983. She was told that the amount had not been determined but that a payment based upon the Larkins' own estimate could be made.

On December 23, 1991, CJI timely filed a petition in this Court contesting respondent's adjustments in the FPAA. On November 1, 1993, the parties in Cal. Jojoba Investors v. Commissioner, docket No. 29993-91, entered into a stipulation to be bound by the Court's decision in Utah Jojoba I Research v. Commissioner, docket No. 7619-90.

On January 5, 1998, in a Memorandum Opinion, Utah Jojoba I Research v. Commissioner, T.C. Memo. 1998-6, this Court determined that the partnership could not deduct its losses as ordinary and necessary business expenses. On March 3, 2000, the Larkins received a letter from the IRS informing them of the Court's decision and further stating that the Court's determination in Utah Jojoba I Research "will ultimately be applied to CJI investors" and that if the Larkins signed the enclosed agreement form, they could settle their case at that

time.  The letter further explained that if the Larkins settled, they would be sent a report showing the tax computations and a bill for any amounts owed.  The Larkins did not settle their case, and the IRS did not assess the 1983 tax liability at that time.  Mrs. Larkin contacted the IRS in response to the letter and was told that the liability had not yet been assessed but that if the Larkins wanted to pay the amount owed, they could do so using their own computation.

On April 11, 2005, an order and decision was entered in <u>Cal. Jojoba Investors v. Commissioner</u>.  It became final on July 10, 2005, 90 days after the order and decision was entered.

On April 17, 2006, respondent timely issued an affected items notice of deficiency to the Larkins disallowing the $26,037 flowthrough loss claimed on their 1983 Federal income tax return and determining a deficiency of $3,374.  The affected items notice of deficiency also determined additions to tax under section 6653(a)(1) and (2).  The Larkins did not timely petition the Tax Court to contest the notice of deficiency.

On June 29, 2006, the Larkins requested an abatement of interest of $28,168.57 with respect to the tax liability for 1983.  On July 13, 2006, the request for abatement was denied. On August 16, 2006, the Larkins appealed the denial to the IRS' interest abatement coordinator.  By April 2007, the Larkins paid

their 1983 tax liability in full, including penalties and interest.

On May 25, 2007, the IRS issued a Form 5402-c, Appeals Transmittal and Case Memo, denying the request for an abatement of interest. On June 4, 2007, the IRS Appeals officer requested that the Larkins' 1983 tax account be updated with the following instruction: "Please have the remaining accrued but unassessed interest assessed to the account, with manual computations."

On July 13, 2007, the IRS sent a letter to the Larkins explaining that the IRS could not remove the interest on their account. On September 5, 2007, the IRS examiner computed the total amount of interest to be assessed against the Larkins for 1983. According to the examiner's computation, the total interest to be assessed for 1983 was $21,761.73, rather than the previously assessed amount of $29,893.85.

On October 8, 2007, respondent sent the Larkins a letter notifying them of the change to their account for 1983 and that $8,326.90 would be refunded. This refund resulted from a $8,132.12 decrease in assessed interest previously charged and $194.78 of overpayment interest.

On November 8, 2007, the Larkins timely filed a petition for review of respondent's failure to abate interest under section 6404. A trial was held on September 14, 2009, in Los Angeles, California.

## Discussion

Pursuant to section 6404(e)(1), the Commissioner may abate part or all of an assessment of interest on any deficiency or payment of tax (described in section 6212(a)) if either: (1) Such deficiency is attributable to an error or delay by an IRS employee in performing a ministerial act or (2) any error or delay in such payment attributable to an IRS employee's being erroneous or dilatory in performing a ministerial act. A taxpayer can obtain relief only if no significant aspect of the error or delay can be attributed to the taxpayer. See id. Section 6404(e) is not intended to be routinely used to avoid payment of interest; rather, Congress intended abatement of interest only where failure to do so "would be widely perceived as grossly unfair." H. Rept. 99-426, at 844 (1985), 1986-3 C.B. (Vol. 2) 1, 844; S. Rept. 99-313, at 208 (1986), 1986-3 C.B. (Vol. 3) 1, 208. The Tax Court has jurisdiction to review for abuse of discretion the Commissioner's failure to abate interest and may order an abatement.[3] See sec. 6404(h).

---

[3]Sec. 6404(h), originally enacted by the Taxpayer Bill of Rights 2, Pub. L. 104-168, sec. 302, 110 Stat. 1457 (1996), and codified as sec. 6404(g), gives the Tax Court jurisdiction to review the Commissioner's denial of certain taxpayers' requests for abatement of interest (but not penalties) if the taxpayer files a petition with the Court within 180 days after the date a final determination not to abate interest is mailed by the Secretary. Banat v. Commissioner, 109 T.C. 92 (1997). Thus, we decline to resolve the matter of whether the sec. 6653(a)(1) and (2) additions to tax can be abated because we do not have jurisdiction to do so.

The term "ministerial act" means a procedural or mechanical act that does not involve the exercise of judgment or discretion and that occurs during the processing of a taxpayer's case after all prerequisites to the act, such as conferences and review by supervisors, have taken place.  A decision concerning the proper application of Federal tax law is not a ministerial act.  Sec. 301.6404-2T(b)(1), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 30163 (Aug. 13, 1987).  We proceed to consider whether respondent's refusal to abate interest was an abuse of discretion.  Our analysis is segmented into the relevant periods.

A.  April 16, 1984, Through April 27, 1988

Respondent first contacted petitioners in writing about the examination of CJI on April 28, 1988.  Only errors or delays occurring after the Commissioner has initially contacted the taxpayer in writing with respect to the deficiency are taken into account.  Sec. 6404(e)(1).  An abatement of interest for the period between the date the Larkins filed their return (April 16, 1984) and the date the IRS contacted them in writing (April 28, 1988) is not permitted under section 6404(e).  See Krugman v. Commissioner, 112 T.C. 230, 239 (1999); Sims v. Commissioner, T.C. Memo. 1999-414.

Accordingly, we conclude that respondent's determination not to abate interest for this period was not an abuse of discretion.

B.  April 28, 1988, Through November 4, 1991

On April 28, 1988, petitioners were notified by letter that respondent had begun his examination of CJI.  Respondent concluded his examination when an FPAA for CJI was issued to petitioners on November 4, 1991.

The extensive examination of a partnership which results in delays in the processing of the cases of individual taxpayers who invested in the partnership is not considered a ministerial act.  Kimball v. Commissioner, T.C. Memo. 2008-78.  Therefore, the delay in processing the Larkins' case cannot be considered the result of a ministerial act.

The Larkins have failed to produce evidence that respondent committed an error or delay in the performance of a ministerial act during CJI's examination.  As noted previously, Mrs. Larkin testified that on April 28, 1988, she attempted to contact the IRS to ascertain how much was owed for 1983.  At the time Mrs. Larkin made the inquiry, the examination of CJI had just commenced.  Thus, the IRS was unable to tell her how much was owed for 1983 because the deficiency would only be determined upon completion of the CJI examination.  Since the IRS had not yet examined the Larkins' 1983 tax return when Mrs. Larkin telephoned the IRS, the exact amount they owed had not been determined.  Therefore, we conclude that respondent did not abuse

his discretion and the interest attributable to this decision cannot be abated for this period.

C.  November 5 Through December 22, 1991

CJI was subject to the Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), Pub. L. 97-248, sec. 402(a), 96 Stat. 648. Partnerships are not subject to Federal income tax but are required nevertheless to file annual information returns reporting their partners' distributive shares of tax items.  See secs. 701, 6031.  The individual partners such as the Larkins are required to report their distributive shares of those tax items on their individual Federal income tax returns.  See secs. 701-704.

To remove the substantial administrative burden occasioned by duplicate audits and litigation and to provide consistent treatment of partnership tax items among partners in the same partnership, Congress enacted the unified audit and litigation procedures of TEFRA.  See Randell v. United States, 64 F.3d 101, 103 (2d Cir. 1995); H. Conf. Rept. 97-760, at 599-600 (1982), 1982-2 C.B. 600, 662-663.

Under TEFRA, all partnership items are determined in a single partnership-level proceeding.  Sec. 6226; see also Randell v. United States, supra at 103.  The determination of partnership items in a partnership-level proceeding is binding on the partners and generally may not be challenged in a subsequent

partner-level proceeding.  See secs. 6230(c)(4), 7422(h).  This precludes the need for relitigating the same issues with each partner of the partnership.

Should an FPAA be issued to the partnership, the tax matters partner can contest the FPAA within 90 days by filing for readjustment of "partnership items" with this Court under section 6226(a).  The Commissioner is prohibited from assessing tax based on adjustments to partnership items before:  (1) The close of the 150th day after the mailing of the FPAA to the tax matters partner, and (2) if the tax matters partner files a petition in the Tax Court within the 150-day period, until the decision of the Tax Court becomes final.  Sec. 6225(a).

Respondent issued the FPAA for CJI on November 4, 1991.  No tax attributable to partnership adjustments to partners' returns can be assessed until after a Tax Court partnership case is commenced by the tax matters partner.  On December 23, 1991, CJI timely petitioned the Tax Court, contesting the FPAA adjustments.  Accordingly, we find respondent did not abuse his discretion in refusing to abate interest for this period because the IRS was prohibited from assessing the Larkins' tax liability between November 8 and December 22, 1991, because the period provided by section 6225(a)(1) had not expired.

D.  <u>December 23, 1991, Through July 9, 2005</u>

On April 11, 2005, the Tax Court entered a decision in <u>Cal. Jojoba Investors v. Commissioner</u>, docket No. 29993-91.  The Court's decision did not become final until July 10, 2005 (90 days after the decision was entered).  If a petition is filed in response to an FPAA, section 6225(a)(2) prohibits assessment based on an adjustment to partnership items until the decision of the Tax Court in the partnership's case becomes final.  As a result, respondent was prohibited from assessing or collecting any taxes attributable to a partnership-item adjustment related to CJI before July 10, 2005.

The Larkins' deficiency for 1983 could not be assessed until July 10, 2005.  Accordingly, we find that respondent did not abuse his discretion in refusing to abate interest for this period because no tax could be assessed until 90 days after the Larkins received an affected items notice of deficiency.

E.  <u>July 10, 2005, Through April 17, 2006</u>

The Larkins have alleged that respondent was dilatory in his actions between July 10, 2005, the date the Tax Court's decision in <u>Cal. Jojoba Investors v. Commissioner</u>, docket No. 29993-91, became final, and April 17, 2006, the date the notice of deficiency was issued to the Larkins.  The Tax Court has acknowledged in previous opinions that the press of business and the Commissioner's internal processing procedures require a

certain amount of time and that a "mere passage of time does not establish error or delay in performing a ministerial act."  See Howell v. Commissioner, T.C. Memo. 2007-204; Jaffe v. Commissioner, T.C. Memo. 2004-122, affd. 175 Fed. Appx. 853 (9th Cir. 2006); Deverna v. Commissioner, T.C. Memo. 2004-80.

Respondent had 1 year after the decision in Cal. Jojoba Investors v. Commissioner, docket No. 29993-91, became final to issue an affected items notice of deficiency to petitioners.  See sec. 6229(d).  The limitations period for issuing an affected items notice of deficiency remained open until July 10, 2006, 1 year after the date CJI's decision became final.  Respondent's issuance within the statutory period of a notice of deficiency is not dilatory or attributable to ministerial error.  Accordingly, respondent did not abuse his discretion for this period.

F.  April 17, 2006, Through April 6, 2007

The Larkins received a notice of deficiency on April 17, 2006.  Section 6213(a) provides that a petition for redetermination of a deficiency determined by the Commissioner is timely if it is filed within 90 days after a notice of deficiency is mailed.  The Larkins had 90 days from the date of the mailing of the notice of deficiency to file a petition in response.  They chose not to contest the notice of deficiency, and respondent assessed the deficiency and additions to tax.

Petitioners failed to produce at trial any evidence that there was a delay or error in performing a ministerial act from the last day the Larkins could have filed a petition contesting the notice of deficiency, July 17, 2006, to the day they fully paid their 1983 tax liability, April 6, 2007.

G.  April 7 Through November 7, 2007

On June 4, 2007, respondent requested that all "remaining accrued but unassessed interest" be assessed to the Larkins' account.  On October 8, 2007, respondent issued a notice informing them of a refund due for their 1983 tax year of $8,326.90.  The notice stated that the refund resulted from an $8,132.12 decrease in interest previously charged and a $194.78 overpayment of interest.  According to respondent's computations, only $21,761.73 of interest should have been assessed, not $29,893.85.  As a result of this computation, respondent issued the Larkins a refund which included the difference in interest.

The Larkins argue that when respondent issued the $8,326.90 refund, respondent was tacitly admitting that they were entitled to an abatement.  Interest abatements are permitted if a delay is attributable to unreasonable errors or delays by an official or employee of the IRS in performing a ministerial or managerial act.  Sec. 6404(e)(1).  Any abatement of interest applies only to the period attributable to the failure to perform the ministerial act.  Pettyjohn v. Commissioner, T.C. Memo. 2001-227.  Further,

section 6404(e) requires that a taxpayer not only identify an error or delay caused by a ministerial act on the Commissioner's part, but also identify a specific period over which interest should be abated as a result of such error or delay.  <u>Spurgin v. Commissioner</u>, T.C. Memo. 2001-290.  The Larkins have not presented any evidence of why the refund of overpaid interest should be considered a ministerial breach.  Their refund was a result of a recomputation of the proper amount of interest, not any ministerial error.

We conclude that respondent did not abuse his discretion by determining not to abate interest.

To reflect the foregoing,

<u>Decision will be entered for</u> <u>respondent</u>.