T.C. Memo. 1998-363


UNITED STATES TAX COURT


DAI HO AND YOUNG H. CHO, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 3188-98.                    Filed October 7, 1998.


        Ps filed a claim (Form 843) with R in May 1997 seeking
an abatement of interest for the taxable year 1992.  Having
received no response from R, Ps filed a petition with the
Court in February 1998 seeking a review of the request for
abatement pursuant to sec. 6404(g), I.R.C.  R filed a motion
to dismiss for lack of jurisdiction on the basis that no
notice of final determination had been issued under sec.
6404(g) which would form the basis for jurisdiction.

        <u>Held</u>:  There is nothing in sec. 6404(g) or the
legislative history of this provision (in contrast to sec.
6532(a)), which imposes a time limit within which the
Secretary must act or permits the filing of a petition with
this Court, where the Secretary fails to act.  <u>Held</u>,
<u>further</u>, in the absence of a final determination denying
petitioners' request for abatement of interest, the Court
lacks jurisdiction to proceed under sec. 6404(g).


<u>Mark Kotlarsky</u>, for petitioners.

Barbara B. Franklin, for respondent.

MEMORANDUM OPINION

COHEN, Chief Judge: This case was assigned to Chief Special Trial Judge Peter J. Panuthos, pursuant to the provisions of section 7443A(b)(4) and Rules 180, 181, and 183.[1] The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below.

OPINION OF THE SPECIAL TRIAL JUDGE

PANUTHOS, Chief Special Trial Judge: This matter is before the Court on respondent's Motion to Dismiss for Lack of Jurisdiction. Respondent contends that the Court lacks jurisdiction under section 6404(g) to consider the petition filed in this case. As explained in greater detail below, we will grant respondent's motion.

Background

On or about May 28, 1997, petitioners filed with respondent a Form 843, Claim for Refund and Request for Abatement, requesting that respondent abate interest for the taxable year 1992 in excess of $172,000. On November 26, 1997, after several months passed with no response from respondent, petitioners wrote to Nancy Givens (Ms. Givens) at respondent's Problems Resolution

---

[1] Section references are to the Internal Revenue Code, as amended. Rule references are to the Tax Court Rules of Practice and Procedure.

Office in Richmond, Virginia, requesting that Ms. Givens locate their Form 843 and provide petitioners with a response to their request for abatement. Petitioners were informed that they would receive a response from the Problems Resolution Office in 4 to 6 weeks.

On February 20, 1998, after receiving no response from the Problems Resolution Office, petitioners filed a petition with the Court seeking to invoke the Court's jurisdiction to review respondent's denial of their request for abatement of interest pursuant to section 6404(g).

On March 9, 1998, petitioners received a handwritten letter from Ms. Givens, along with a Letter 569(DO) issued by the District Director in Richmond, Virginia. Ms. Givens' handwritten note, which includes an apology for her delayed response, states that, although petitioners' request for abatement of interest was being disallowed as set forth in the Letter 569(DO), respondent did correct a computational error in the amount of $2,331.94 for which petitioners would receive a refund in 4 to 5 weeks. The Letter 569(DO) states in pertinent part:

We have examined your claim and propose the following:

* * * * * * *

Full disallowance, as shown in the enclosed examination report or on the back of this letter. If you accept our findings, please sign and return the enclosed Forms 2297 and 3363.

* * * * * * *

If you do not accept our findings, we recommend that you request a conference with our Appeals Office.

The Letter 569(DO) further states that a review of petitioners' file indicates that there was no delay due to a ministerial act of an Internal Revenue Service employee that would allow for an abatement of interest pursuant to section 6404(e).

On May 26, 1998, respondent filed a motion to dismiss this case for lack of jurisdiction on the ground that, at the time that the petition was filed, respondent had not made a final determination to deny petitioners' request for abatement of interest. Petitioners in turn filed an opposition to respondent's motion to dismiss asserting that the Court should exercise its jurisdiction in this case under section 6404(g) on the ground that respondent unreasonably delayed providing petitioners with a response to their request for abatement of interest. Relying on a similar procedure established with respect to refund claims under section 6532(a), petitioners contend that, where respondent does not respond to a request for abatement of interest within 6 months of the filing of such request, the Court should treat respondent's inaction as a final determination to deny the request for purposes of the Court's jurisdiction under section 6404(g).

This matter was called for hearing at the Court's motions session in Washington, D.C. Counsel for both parties appeared at the hearing and presented argument with respect to the pending

motion.  During the hearing, counsel for petitioners submitted to the Court as an exhibit a letter that petitioners had recently received from Appeals Officer Samuel E. Fish assigned to respondent's Baltimore Appeals Office.  The letter, dated August 20, 1998, states that petitioners' request for abatement of interest had been transferred from the Richmond Appeals Office to the Baltimore Appeals Office to ensure impartiality in the review process insofar as the Richmond Appeals Office may have contributed to alleged delays giving rise to petitioners' request for abatement of interest.  The letter further states that, although there is no basis for granting petitioners' request for abatement of interest, petitioners cannot invoke the Court's jurisdiction to review the matter until respondent issues a final determination letter denying petitioners' request.

At the hearing, respondent informed the Court that a final determination letter would be issued to petitioners at some time in the near future depending upon the result of an appeals conference with petitioners.

Discussion

The question presented is whether the Court has jurisdiction pursuant to section 6404(g) to review the Commissioner's failure to grant petitioners' request for abatement of interest for 1992. The Tax Court is a court of limited jurisdiction, and we may

exercise our jurisdiction only to the extent authorized by Congress.  <u>Naftel v. Commissioner</u>, 85 T.C. 527, 529 (1985).

Section 6404(g), enacted as section 302(a) of the Taxpayer Bill of Rights 2 (TBOR 2), Pub. L. 104-168, 110 Stat. 1457 (1996),[2] provides in pertinent part as follows:

> (g) Review of Denial for Abatement of Interest.--
>
> (1) In General.--The Tax Court shall have jurisdiction over any action brought by a taxpayer who meets the requirements referred to in section 7430(c)(4)(A)(ii) to determine whether the Secretary's failure to abate interest under this section was an abuse of discretion, and may order an abatement, if such action is brought within 180 days after the date of the mailing of the Secretary's final determination not to abate such interest.

In sum, the Court is vested with jurisdiction to review the Commissioner's denial of a taxpayer's request for abatement of interest if the taxpayer files a petition with the Court within 180 days after the date that the Commissioner mails to the taxpayer a valid final determination not to abate interest.  Sec. 6404(g)(1); Rule 280(b); <u>Banat v. Commissioner</u>, 109 T.C. 92, 95 (1997).

Section 302(b) of TBOR 2, 110 Stat. 1458, provides that section 6404(g) applies "to requests for abatement after the date

---

[2]  Sec. 6404(g) subsequently was redesignated sec. 6404(i) under the Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, secs. 3305(a) and 3309(a), 112 Stat. 743, 745, effective with respect to tax years beginning after Dec. 31, 1997.

of the enactment of this Act." TBOR 2 was enacted on July 30, 1996.

The legislative history underlying section 6404(g), which is contained in H. Rept. 104-506, at 28 (1996), 1996-3 C.B. 49, 76, states:

> #### Present law
>
> Federal courts generally do not have the jurisdiction to review the IRS's failure to abate interest.
>
> #### Reasons for change
>
> The Committee believes that it is appropriate for the Tax Court to have jurisdiction to review IRS's failure to abate interest with respect to certain taxpayers.
>
> #### Explanation of provision
>
> The bill grants the Tax Court jurisdiction to determine whether the IRS's failure to abate interest for an eligible taxpayer was an abuse of discretion. The Tax Court may order an abatement of interest. The action must be brought within 180 days after the date of mailing of the Secretary's final determination not to abate interest. An eligible taxpayer must meet the net worth and size requirements imposed with respect to awards of attorney's fees. No inference is intended as to whether under present law any court has jurisdiction to review IRS's failure to abate interest.
>
> #### Effective date
>
> The provision applies to requests for abatement after the date of enactment.

Respondent maintains that we lack jurisdiction under section 6404(g) to consider the petition filed in this case on the ground that respondent has not issued a final determination letter to

petitioners.  Petitioners counter that respondent should be required to grant or deny a request for abatement of interest within a reasonable amount of time and that respondent's failure to act in this case should be treated as the equivalent of a denial of petitioners' request for abatement of interest.

In Bourekis v. Commissioner, 110 T.C. 20 (1998), the taxpayers filed a petition with the Court in which they attempted to invoke the Court's jurisdiction under section 6404(g) based on the assertion that the Court should treat a notice of deficiency issued to the taxpayers as the Commissioner's final determination letter under section 6404(g).  The Commissioner moved to dismiss and to strike the petition for lack of jurisdiction insofar as the petition referred to the Court's jurisdiction under section 6404(g).  In granting the Commissioner's motion to dismiss, we first noted that the Commissioner's final determination letter under section 6404(g) "is a prerequisite to the Court's jurisdiction and serves as a taxpayer's 'ticket' to the Tax Court."  Bourekis v. Commissioner, supra at 26; see Kraft v. Commissioner, T.C. Memo. 1997-476.  Further, relying on the body of judicial opinions holding that, for a document to qualify as a valid notice of deficiency under section 6213(a), the Commissioner must intend for the letter to constitute a notice of deficiency, we held that the Commissioner likewise must intend for a letter to constitute a notice of final determination under

section 6404(g). Bourekis v. Commissioner, supra at 26. Because the Commissioner did not intend for the notice of deficiency issued to the taxpayers in Bourekis to be considered a final determination letter under section 6404(g), we granted respondent's motion to dismiss for lack of jurisdiction and to strike.

Consistent with Bourekis v. Commissioner, supra, we are obliged to dismiss this case for lack of jurisdiction on the ground that respondent has not issued a final determination letter to petitioners within the meaning of section 6404(g). Nevertheless, petitioners' contention that respondent should be obliged to act within a reasonable amount of time with respect to a request for abatement of interest merits further discussion.

Although we stand by the basic proposition set forth in Bourekis v. Commissioner, supra, that a notice of deficiency under section 6213(a) and a final determination letter under section 6404(g) share many important characteristics, there is an important distinction between the two notices. In particular, under the scheme of sections 6201(e) and 6211-6213, and in the absence of a waiver by the taxpayer pursuant to section 6213(d), the Secretary generally must issue a notice of deficiency prior to the assessment of a deficiency of income, estate, gift, and

certain excise taxes.[3]  After assessment, the Secretary may proceed to collect assessed amounts, including interest, subject to other provisions of the Internal Revenue Code.  Thus, in the case of taxes which are subject to the deficiency procedures as described in section 6211(a), the Secretary is motivated to issue a notice of deficiency, since he is otherwise prohibited from assessing and collecting a deficiency in tax.  In contrast, section 6404(g) involves a situation where the Secretary has previously assessed and possibly collected a tax, penalty, and interest, and the taxpayer requests that the assessment for interest be abated and that any overpayment be refunded.  In this connection, a taxpayer's request for abatement of interest is similar to a refund claim.  In fact, section 6404(g)(2)(B) provides that rules similar to those of section 6512(b) (which permit the Tax Court to order a refund of an overpayment and interest) shall apply for purposes of section 6404(g).

With this background, we return to petitioners' contention that the Court should impose a 6-month deadline upon respondent (similar to the 6-month rule imposed under section 6532 with respect to claims for refund) within which respondent is obliged to either grant or deny a taxpayer's request for abatement of

---

[3]  Sec. 6213(a) refers to secs. 6851, 6852 and 6861 (termination and jeopardy assessments) which are exceptions to the normal deficiency procedures and not relevant to our discussion herein.

interest.[4]    Petitioners' argument has a certain appeal, guaranteeing a taxpayer the right of judicial review under section 6404(g).  However, in contrast to section 6532(a), Congress did not provide a remedy within section 6404(g) where the Secretary fails to act on a request for abatement of interest within a reasonable time.  Neither the plain language of section 6404(g) nor the legislative history suggests a basis for imposing a time limit within which the Secretary is obliged to act with respect to a request for abatement of interest.  Because the Court clearly lacks the authority to graft such a time limit onto section 6404(g), petitioners' remedy lies with Congress, not with this Court.

Consistent with Bourekis v. Commissioner, supra, we will grant respondent's motion to dismiss for lack of jurisdiction. In short, in the absence of a final determination denying petitioners' request for abatement of interest, the Court lacks jurisdiction to proceed under section 6404(g).

To reflect the foregoing,

An order will be entered
granting respondent's Motion
to Dismiss for Lack of
Jurisdiction.

---

[4]  Sec. 6532(a)(1) provides that no suit or proceeding under sec. 7422(a) shall be begun before the expiration of 6 months from the date of filing a claim unless the Secretary renders a decision within that time, nor after the expiration of 2 years from the mailing of the notice of disallowance.