T.C. Memo. 2002-158

UNITED STATES TAX COURT

MAURICE C. SAINTE-YVES, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 4992-99, 844-00.      Filed June 24, 2002.

<u>Daniel J. Leer</u>, for petitioner.

<u>H. Clifton Bonney, Jr.</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

SWIFT, <u>Judge</u>:  Respondent determined that petitioner is not entitled to an abatement of interest under section 6404(e)(1) on petitioner's Federal income tax deficiencies for 1983, 1984, and 1985.

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

The issue for decision is whether petitioner is entitled to an abatement of interest accruing on the above Federal income tax deficiencies.

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found.

At the time the petition was filed, petitioner resided in San Francisco, California.

In 1983, petitioner purchased a limited partner interest in Bishop Investment Group I (Bishop), which in turn invested in Barrister Equipment Associates (Barrister), a tax-sheltered limited partnership.

Upon audit of Barrister for 1983 and 1984, respondent disallowed losses and credits claimed by Barrister. In Anderson Equip. Associates, et al., Barrister Associates, Tax Matters Partner v. Commissioner, docket No. 27745-89, respondent's adjustments to Barrister's claimed losses and credits were agreed to by the tax matters partner, and a stipulated decision was entered consistent with that settlement.

In connection with computational adjustments that were made by respondent at the partner level relating to the above

adjustments that had been agreed to at the Barrister partnership level, respondent's Appeals Offices in Fresno, California (Fresno) and in Brooklyn, New York (Brooklyn) granted to a number of the Barrister partners their requests under section 6404(e)(1) for abatement of related statutory interest.

Petitioner made a similar request for abatement of interest with regard to his Federal income tax deficiencies for 1983, 1984, and 1985[1] relating to the disallowed Barrister claimed losses and credits. In his request, among other things, petitioner alleged that his tax deficiencies relating to Barrister were caused by erroneous advice given by a representative of respondent to the tax matters partner of Bishop as to the allowability of the Barrister losses and credits. Petitioner's request for abatement of interest was denied by respondent.

Petitioner administratively appealed respondent's denial of petitioner's request for abatement of interest. Petitioner's appeal was forwarded by respondent to respondent's Appeals Office in San Francisco, California (San Francisco). Petitioner, however, requested that the appeal be transferred from respondent's San Francisco Appeals Office to either respondent's Fresno or Brooklyn Appeals Office in an effort to obtain the same

---

[1] Computational adjustments for 1985 were the result of carryforward tax credits claimed by petitioner relating to Barrister.

treatment in regard to his request for abatement of interest as other Barrister partners had received from respondent (i.e., approval).

Respondent's San Francisco Appeals Office sustained respondent's denial of petitioner's request for abatement of interest and denied petitioner's request for a transfer of his appeal.

Petitioner filed under section 6404(i) the instant petition for review of respondent's denial of petitioner's request for abatement of interest.

OPINION

Generally, we have jurisdiction to review respondent's denial of a taxpayer's request under section 6404(e)(1) for abatement of interest. Sec. 6404(i).[2]

---

[2] In 1996, sec. 6404(g) (in 1998 redesignated as sec. 6404(i), and in 2002 redesignated as sec. 6404(h)) was enacted, which gave this Court jurisdiction to review respondent's denial of a taxpayer's request under sec. 6404(e)(1) for abatement of interest, effective for requests that were pending with respondent after July 30, 1996. See Victims of Terrorism Tax Relief Act of 2001, Pub. L. 107-134, sec. 112(d)(1)(B), (f), 115 Stat. 2434-2435; Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, sec. 3305(a), 112 Stat. 743; Banat v. Commissioner, 109 T.C. 92, 95 (1997).

Petitioner mailed a request for abatement of interest to respondent on July 7, 1996. Petitioner's request for abatement of interest was denied by respondent on Aug. 7, 1996. Accordingly, we have jurisdiction under sec. 6404(i) to review respondent's denial of petitioner's request for abatement of interest. See id.

Petitioner agrees that he has the burden of proving his entitlement to an abatement of interest. See Rule 142; <u>Woodral v. Commissioner</u>, 112 T.C. 19, 23 (1999).

As applicable to the years before us in this case, abatement of interest may be available under section 6404(e)(1) with respect to the portion of interest on tax deficiencies attributable in whole or in part to errors or delays committed by respondent in the performance of ministerial acts that occurred after taxpayers were contacted in writing with respect to such deficiencies.[3] Ministerial acts are described as procedural or mechanical acts that do not involve the exercise of judgment or discretion by respondent. See, e.g., <u>Crawford v. Commissioner</u>, T.C. Memo. 2002-10 (citing sec. 301.6404-2T(b)(1), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 30163 (Aug. 13, 1987)[4]).

The denial by respondent of the requested transfer of petitioner's appeal from respondent's San Francisco Appeals Office to either the Fresno or Brooklyn Appeals Office involved

---

[3] The 1996 amendments to sec. 6404(e)(1) limited respondent's authority to abate interest on tax deficiencies to situations where the interest was attributable to "unreasonable" errors or delays committed by respondent and expanded the situations in which abatement of interest might be available to include "managerial" acts (effective for taxable years beginning after July 30, 1996). Taxpayer Bill of Rights 2, Pub. L. 104-168, sec. 301(a), (c), 110 Stat. 1457 (1996). This amendment is inapplicable to the instant case.

[4] In 1998, sec. 301.6404-2T, Temporary Proced. & Admin. Regs., 63 Fed. Reg. 70012 (Dec. 18, 1998), was finalized, effective for tax years beginning after July 30, 1996.

the exercise of respondent's judgment.  This act did not constitute a ministerial act for purposes of section 6404(e)(1). See Crawford v. Commissioner, supra; Gaudet v. Commissioner, T.C. Memo. 2001-309 (respondent's denial of a taxpayer's request for the transfer of his case to another office did not constitute an error or delay committed by respondent in the performance of a ministerial act); cf. sec. 301.6404-2T(b)(2), Example (1), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 30163 (Aug. 13, 1987) (respondent's failure to transfer a case to another office after the requested transfer was approved constituted an error by respondent in the performance of a ministerial act).

Advice allegedly given by respondent's representatives to Bishop's tax matters partner as to the allowability of the loss deductions and credits relating to Barrister would not constitute a ministerial act for purposes of section 6404(e)(1).  Oral or written advice given by respondent to taxpayers regarding the application of Federal tax law requires the exercise of judgment, and does not constitute a ministerial act for purposes of section 6404(e)(1).  Katz v. Commissioner, 115 T.C. 329, 341 (2000); Crawford v. Commissioner, supra.  Also, there is no statute that gives respondent a mandate to abate interest on tax deficiencies in order to treat similarly situated taxpayers alike, including where those deficiencies are a result of partnership level

proceedings under the TEFRA provisions.[5]  For the tax years at issue, as previously stated, respondent only had statutory authority to abate interest attributable to an error or delay committed by respondent in the performance of a ministerial act, which petitioner has not proven in this case.  See sec. 6404(e)(1).

Because petitioner has failed to prove that respondent committed an error or delay in the performance of a ministerial act, we sustain respondent's denial of petitioner's request for abatement of interest, and we need not decide various other arguments made by petitioner.

---

[5]   Title IV of the Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), Pub. L. 97-248, secs. 402-407(a), 96 Stat. 648-671, applies to adjustments made by respondent to partnership tax years beginning after Sept. 3, 1982, and therefore applies to Barrister's tax years 1983 and 1984.

Under the TEFRA partnership provisions, supra, respondent is required to offer consistent settlement terms to partners with respect to the tax treatment of partnership items.  Sec. 6224(c). Partnership items include items of income, deduction, gain, loss, credit, or refund, used in calculating the partnership's taxable year.  Sec. 6231(a)(3); sec. 301.6231(a)(3)-1(a), Proced. & Admin. Regs.

The requested interest abatement at issue herein, however, constitutes a computational adjustment, not a partnership item. See sec. 6231(a)(3), (6); sec. 301.6231(a)(6)-1T(b), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6779 (Mar. 5, 1987). Computational adjustments include any interest attributable to partner level adjustments made to reflect the treatment of partnership items.  Id.  Moreover, adjustments made by respondent to apply changes in partnership items resulting from partnership proceedings to indirect partners (such as petitioner) are computational adjustments.  Sec. 6231(a)(6).

To reflect the foregoing,

<u>Decisions will be entered</u>

<u>for respondent</u>.