T.C. Memo. 2011-215

UNITED STATES TAX COURT

AKRAM IBRAHIM AND RAEDA KISWANI, Petitioners $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8315-09.                    Filed August 31, 2011.

Akram Ibrahim and Raeda Kiswani, pro sese.

Scott B. Burkholder, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

FOLEY, Judge:  The issue for decision is whether
respondent abused his discretion in determining that petitioners
are not entitled to abatement of interest pursuant to

section 6404(e)[1] relating to 2001, 2002, and 2003 (years in issue).

### FINDINGS OF FACT

Petitioners jointly filed their 2002 Federal income tax return on April 15, 2003, and their 2001 Federal income tax return on April 29, 2003. In November 2003, the Los Angeles County Sheriff's Department (Sheriff's Department), in connection with a criminal investigation against petitioner Akram Ibrahim, seized petitioners' personal and business records.[2] On July 27, 2004, petitioners' 2002 and 2003 returns were assigned to Revenue Agent Richard Ng (RA Ng). In a Letter 2205-A, dated September 17, 2004, RA Ng informed petitioners that their 2001 and 2002 returns had been selected for examination.[3]

On September 30, 2004, RA Ng mailed petitioners a Letter 3253 in which RA Ng stated that "This letter confirms * * * [our appointment for October 20, 2004,] that we scheduled during our telephone conversation on September 29, 2004." Attached to the

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2]In 2006, petitioner Akram Ibrahim pleaded guilty in Los Angeles County Superior Court to three counts of unlawful use of personal identity and was required to repay $114,773 to defrauded credit card companies.

[3]As of Sept. 17, 2004, the date RA Ng mailed petitioners Letter 2205-A, petitioners had not filed a Federal income tax return relating to 2003.

letter was Form 4564, Information Document Request, which described various documents and information that petitioners were required to bring to the scheduled meeting. On October 15, 2004, RA Ng received Form 2848, Power of Attorney and Declaration of Representative, from Dean Alkalla (Mr. Alkalla), petitioners' certified public accountant.

In a Letter 3164 G, dated January 5, 2005, RA Ng requested that petitioners provide additional information, including information relating to documents previously seized by the Sheriff's Department. In addition, RA Ng informed petitioners that he would "contact other persons to obtain * * * [documents] and any related information" that petitioners had not provided. On January 24, 2005, RA Ng contacted the Sheriff's Department and began to review the seized documents. On April 26, 2005, RA Ng interviewed petitioner Akram Ibrahim at Mr. Alkalla's office.

Petitioners, on July 21, 2005, signed and filed their 2003 Federal income tax return and filed amended 2001 and 2002 returns. Soon thereafter, RA Ng began examining petitioners' 2003 return. On September 12, 2005, RA Ng mailed a seventh Form 4564, requesting that petitioners submit certain information. At their October 17, 2005, meeting, petitioners failed to provide the information RA Ng had requested. On January 8, 2006, RA Ng mailed petitioners a Letter 907 in which he requested that petitioners sign the attached Forms 872, Consent to Extend the

Time to Assess Tax, relating to 2001 and 2002. Over the next several months, RA Ng spoke periodically with petitioners and Mr. Alkalla; continued to examine petitioners' 2001, 2002, and 2003 returns; and began examining petitioners' 2004 return.

On September 5, 2006, RA Ng issued petitioners a Letter 950 (i.e., a 30-day letter) relating to 2001, 2002, and 2003. In the letter, respondent proposed adjustments to petitioners' 2001, 2002, and 2003 returns and determined proposed deficiency amounts, accuracy-related penalties, and an addition to tax for failure to file. Petitioners appealed the "IRS findings for the year 2003" and, on October 5, 2006, requested a conference with respondent's Appeals Office. On January 9, 2007, respondent's Appeals Office mailed petitioners and Mr. Alkalla each a letter explaining the appeal process and acknowledging that the Appeals Office had received petitioners' case for consideration on December 14, 2006. Attached to the letter was Notice 1016, How to Stop Interest on your Account. Respondent's Appeals Office reviewed petitioners' file and attempted to negotiate a settlement.

On October 18, 2007, petitioners signed Forms 872 relating to 2001 through 2004. In November 2007, petitioners and respondent's Appeals Office agreed to proposed adjustments to petitioners' 2001, 2002, and 2003 returns, and on January 3,

2008, respondent's Appeals Office received from petitioners signed agreements relating to the years in issue.

On March 14, 2008, petitioners submitted to respondent three Forms 843, Claim for Refund and Request for Abatement (collectively, abatement requests), relating to 2001, 2002, and 2003. In the abatement requests, petitioners requested that the Internal Revenue Service (IRS) "remove all penalties and interest" relating to the years in issue. On October 23, 2008, respondent mailed petitioners a memorandum denying petitioners' abatement requests.

On December 12, 2008, respondent issued petitioners a Letter 3180, Notice of Final Determination, relating to the years in issue, which provided that there was no unreasonable error or delay relating to the performance of a ministerial or managerial act during the examination of petitioners' 2001, 2002, and 2003 returns. On April 6, 2009, petitioners, while residing in California, filed their petition with the Court. In their petition, petitioners emphasized that "If the sheriff didn't seize * * * [their] documents or at least returned it in full * * * [petitioners] wouldn't have this issue with the I.R.S." On March 15, 2010, the parties filed a stipulation of facts with the Court and a trial was held in Los Angeles, California.

OPINION

Section 6404(e)(1)(A) provides that the Commissioner may, at his discretion, abate the assessment of interest on any deficiency in tax attributable, in whole or in part, to any unreasonable error or delay by an IRS officer or employee in performing a ministerial or managerial act.  See also <u>Lee v. Commissioner</u>, 113 T.C. 145, 149-150 (1999); <u>Woodral v. Commissioner</u>, 112 T.C. 19, 23 (1999); sec. 301.6404-2(b), Proced. & Admin. Regs.  The temporary or permanent loss of records is a managerial act which may be grounds for abatement of interest.  See sec. 301.6404-2(b)(1), Proced. & Admin. Regs.  The mere passage of time, however, does not establish error or delay in performing a ministerial or managerial act.  See <u>Lee v. Commissioner</u>, <u>supra</u> at 150-151.

Section 6404(e) applies only after the Commissioner has contacted the taxpayer in writing about the deficiency and this Court will give due deference to the Commissioner's use of discretion.  See Rule 280(b); <u>Krugman v. Commissioner</u>, 112 T.C. 230, 239 (1999); <u>Woodral v. Commissioner</u>, <u>supra</u> at 23; <u>Mailman v. Commissioner</u>, 91 T.C. 1079, 1082 (1988).  The taxpayer bears the burden of proof and, to meet this burden, must establish that the Commissioner abused his discretion by exercising it arbitrarily, capriciously, or without sound basis in fact or law.  <u>Woodral v. Commissioner</u>, <u>supra</u> at 23; see also sec. 6404(h)(1); Rule 142(a).

To qualify for abatement of interest, the taxpayer must identify an error or delay by the IRS in performing a ministerial or managerial act, establish a correlation between the error or delay by the IRS and a specific period for which interest should be abated, and show that the taxpayer's examination would have been concluded earlier but for the IRS' error or delay. See sec. 6404(e)(1); sec. 301.6404-2, Proced. & Admin. Regs.

Petitioners contend that RA Ng's acts during the examination of petitioners' 2001, 2002, and 2003 returns caused unreasonable errors and delays during the audit and as a result, respondent abused his discretion in failing to abate "all penalties and interest" relating to the years in issue. We do not have jurisdiction to review petitioners' contentions relating to abatement of penalties or additions to tax. See sec. 6404(f); Banat v. Commissioner, 109 T.C. 92 (1997). Petitioners requested abatement of "all" interest, but the record does not establish the requisite link between the alleged delay and a specific period during which interest accrued. See sec. 6404(e)(1); S. Rept. 99-313, at 208 (1986), 1986-3 C.B. (Vol. 3) 1, 208; H. Rept. 99-426, at 844 (1985), 1986-3 C.B. (Vol. 2) 1, 844; sec. 301.6404-2, Proced. & Admin. Regs. Petitioners also contend that RA Ng lost, and made multiple requests for, previously submitted

documents.[4]  The record, however, does not reveal which documents were lost and which documents were requested multiple times.  In short, the IRS did not err or delay in performing a ministerial or managerial act that would establish an abuse of discretion in denying petitioners' abatement requests.  See sec. 6404(e)(1); sec. 301.6404-2, Proced. & Admin. Regs.  Accordingly, respondent's failure to abate interest relating to the years in issue was not an abuse of discretion.

Contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

Decision will be entered

for respondent.

---

[4]Petitioners also contend that there was an unexplained gap in RA Ng's case activity record between Sept. 12, 2005, and Oct. 6, 2006.  The alleged gap was a typing error and not a period of inactivity (i.e., RA Ng typed "10-6-06" instead of "10-6-05" and "2-2-2005" instead of "2-2-2006").  Cf. Lee v. Commissioner, 113 T.C. 145, 150-151 (1999).